## KING AMUSEMENT CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5539.

Circuit Court of Appeals, Sixth Circuit.
Nov. 5, 1930.

A. J. Levin, of Detroit, Mich. (Butzel, Levin & Winston, of Detroit, Mich., on the brief), for petitioner.

John G. Remey, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, C. M. Charest, and E. Riley Campbell, all of Washington, D. C., on the brief), for respondent.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

MOORMAN, Circuit Judge.

In May of 1910, White and Meisner leased from King, the owner, for a term of fifteen years from May 1, 1911, the property at 40–42–44 Monroe avenue, Detroit, Mich., to be occupied for mercantile and theatrical purposes. In June of the same year the lessees assigned the lease to the petitioner, the King Amusement Company. Petitioner had operated a theater on the premises for several years prior to 1920, when it sought a new lease beginning at the expiration of the

710

old one for a period of ten years. The owner was willing to make the lease at an annual rental of $25,000, the lessee to pay the taxes, insurance, and other charges, provided the lessee would also procure responsible parties to guarantee the payment of the rent. Petitioner requested its stockholders to act as the guarantors. All of them refused except two, Finsterwald and King, who agreed to act for a fee of $25,000 each. This the petitioner agreed to pay, and Finsterwald and King, upon the execution of the lease, executed an agreement guaranteeing the rent. Petitioner paid to them the $50,000, and in its tax return for 1920 claimed the disbursement as an expense deductible from income under section 234(a) (1) of the Revenue Act of 1918 (40 Stat. 1077). The Commissioner disallowed the claim, and the Board of Tax Appeals sustained his action.

So far as we are informed, the precise question here presented has never been decided by the courts. The petitioner's contention rests in the main upon the ground that the expenditure was neither a bonus nor an advance payment of rent, and that it added nothing to "the value of the lease" or to "the rental value of the property." Whether these negations are severally correct we need not determine, and we may accept without question the decisions to the effect that taxes and interest paid in carrying unimproved property may not be added to capital value or the cost of property in determining gain or loss.[1] There is an obvious difference, however, between costs incurred in carrying property which one owns and an expenditure made in acquiring property which he does not own.

█ Article 109 of Treasury Department Regulation 45 provides that, "where a leasehold is acquired for business purposes for a specific sum, the purchaser may take as a deduction in his return an aliquot part of such sum each year based on the number of years the lease has to run." The Board of Tax Appeals has consistently held that expenses incurred by a lessee in the acquisition of a leasehold are capital expenditures, and that the lessee is entitled to deduct a ratable amount thereof from gross income for each taxable year ending within the term of the

lease. McNeill v. Commissioner, 16 B. T. A. 479; Bonwit Teller & Co. v. Commissioner, 17 B. T. A. 1019. That the payment in the present case was made to guarantors, and not to the lessor, does not seem to us to be controlling. The question is whether it was made as a business expense or for the purpose of acquiring a capital asset. In Laemmle v. Eisner, Collector (D. C.) 275 F. 504, it was held that attorney's fees paid in litigation for control of certain stock resulting in the ownership of the stock and the consequent management of the company were not expenses incurred in carrying on the business, but were a capital investment. This decision has for its basis, we think, the same considerations that were considered controlling in Duffy v. R. R. Co., 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846, where it was decided that expenditures made by a corporate lessee, as required by the lease, to create additions to leased property and not for maintenance or operating expenses, were capital investments subject to annual allowances for exhaustion or depreciation. See, also, Galatoire Bros. v. Lines, Collector (C. C. A.) 23 F.(2d) 676, and Simmons Co. v. Commissioner (C. C. A.) 33 F.(2d) 75.

█ In the case at bar, the petitioner desired to lease the property at a stipulated annual rental agreed upon with the owner. The owner would not make the lease except upon a guaranty of the payment of the rent, and it became necessary for petitioner to pay Finsterwald and King $50,000 to become guarantors. This was neither an "ordinary and necessary expense" nor compensation "for personal services" in carrying on the business, but was an expenditure for an asset which the petitioner could not utilize for nearly five years. It is true that the payment added nothing to the "value of the lease" or "the rental value of the property." It was none the less an expenditure which it was necessary for petitioner to make to acquire property—a leasehold to use in its business in the future. In our opinion it was a capital investment, subject to annual allowances for exhaustion during the period of the lease. We find nothing in Lucas, Commissioner v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, that militates against this view.

The order is affirmed.

---

[1] Westerfield v. Rafferty (D. C.) 4 F.(2d) 590; Fraser v. Commissioner (C. C. A.) 25 F.(2d) 653; Oswego & S. R. Co. v. Commissioner (C. C. A.) 29 F. (2d) 487.