**ALL STATES FREIGHT, Inc. v. UNITED STATES.**

**Civil Action No. 23883.**

District Court, N. D. Ohio, E. D.

June 17, 1947.

Buckingham, Doolittle & Burroughs, of Akron, Ohio (Wm. T. Walker, of Akron, Ohio, of counsel), for plaintiff.

Don C. Miller, U. S. Atty., of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The purpose of this case is to determine whether expenditures made by the plaintiff in 1940 in preparation for and in conducting hearings before the Interstate Commerce Commission were capital investments or were ordinary and necessary business expenses deductible from taxable income. It presents a very close question. Much may be said in support of the contention that the expenditures were capital and much may be said in support of the contention that they were expense. It turns in last analysis upon whether we consider the expenditures as made in support of an application for a license or whether we consider them as made in defense of a right to continue in business.

If the taxpayer had not been in business prior to the hearings with reference to which the expenditures were made, or, in other words, if this were an original application for a license to begin a trucking business, there is no question that the expenditures would be capital investment; i.e., an investment in the permanent permission or license to do a trucking business in interstate commerce. The authorities cited by counsel for the government apply with unquestioned force to that situation.

If, however, we consider that the plaintiff had been engaged in the trucking business and if we consider the expenditure as a defense of its right to continue in that business or as a necessary expense in repelling an attack upon its right to continue in business, then the expenditure becomes an ordinary and necessary expense in line with the decisions cited in plaintiff's brief.

■ The law applicable to franchises and licenses is generally the same as that applicable to other property. The investment by which the property or license is acquired is a capital investment, but the expenditure necessary to maintain the prop-

erty and protect it from attack or loss is expense.

It seems to this court that a construction of Section 306 of Title 49 U.S.C.A. is necessary to determine the issue. That section provided that no common carrier by motor vehicle should engage in interstate or foreign operation on any public highway unless there was in force with respect to such carrier a certificate of public convenience and necessity. The section then provided, however,

"That, subject to section 310, if any such carrier or predecessor in interest was in bona fide operation as a common carrier by motor vehicle on June 1, 1935, over the route or routes or within the territory for which application is made and has so operated since that time, * * * the Commission shall issue such certificate without requiring further proof that public convenience and necessity will be served by such operation, and without further proceedings, if application for such certificate was made to the Commission as provided in paragraph (b) of this section", etc.

■ It seems to this court that the substance and effect of that provision is to continue the rights of those already in business as of that date. True, the law did require that an application should be filed; but the granting of the application was to follow as a matter of course. The hearings, contentions, and expenditures were made necessary in this case because certain rail carriers filed petitions with the Commission to stay the issuance of the certificate prayed for. As a result of such intervening petitions, hearings were held before an Examiner of the Commission and the applicant had to present evidence consisting of oral testimony, exhibits, records, photostats, and documents, and had to make an outlay for traveling expenses, attorneys' fees, etc. This outlay amounted to $4543.18, and the plaintiff's tax liability for the year 1940 would have been reduced in the amount of $1048.90 had the sum so expended been allowed as a deduction.

■ It is conceded that the plaintiff had been in business and was enjoying the right to conduct a trucking business in interstate

commerce. It seems to the court that the very statute requiring the filing of the application for a license recognized the plaintiff's right to continue in that business. The application would have been granted and a license issued at a mere nominal cost but for the intervention and opposition of the rail carriers. The action of the rail carriers must be construed as an attack upon the plaintiff's rights and interests, and the expenditure made by the plaintiff, it seems, must therefore be considered as a defense of its right to continue in business or as a defense of its interests against attack. It is not an investment in new property because the plaintiff had no more after the hearings than was conceded to it in the law which required the application.

Judgment for plaintiff as prayed for in its complaint.