**STUART CO. v. COMMISSIONER OF INTERNAL REVENUE.**

**COMMISSIONER OF INTERNAL REVENUE v. STUART CO.**

No. 12845.

United States Court of Appeals
Ninth Circuit.

March 5, 1952.

A. Calder Mackay, Arthur McGregor, Howard W. Reynolds, Adam Y. Bennion, Richard N. Mackay, and F. Edward Little, all of Los Angeles, Cal., for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., Robert N. Anderson, George D. Webster, Richard D. Harrison, Fred E. Youngman, Sp. Assts. to Atty. Gen., Department of Justice, for respondent.

Before STEPHENS and BONE, Circuit Judges, and McCORMICK, District Judge.

PER CURIAM.

Two separate petitions are before the court for review of a Tax Court decision entered September 22, 1950, wherein adverse rulings were made against the taxpayer, The Stuart Company, and the Commissioner of Internal Revenue, respectively. Both reviews involve the tax liability of The Stuart Company for income taxes, declared value excess-profits taxes, and excess-profits taxes for the years ending March 31, 1943, March 31, 1944, and March 31, 1945. The record indisputably shows that the tax liability of The Stuart Company for the involved taxable periods is determinable by considering the business and contractual relations, negotiations and litigation between the corporate taxpayer and the Vita-Food Corporation beginning in the fall of 1940 and ending with a written agreement on November 28, 1942, entitled, "Agreement of Settlement of Litigation and Cancellation of Contract," which provided for a payment of $197,700, by The Stuart Company to the Vita-Food Corporation.

The Tax Court determined that $75,000. of the amount specified in the contract of November 28, 1942, constituted an obliga-

tion of The Stuart Company to Vita-Food Corporation to secure the cancellation of an onerous contract and is properly deductible during the year 1943 as an ordinary and necessary expense under Section 23(a), Revenue Act of 1942, 26 U.S.C.A. § 23(a) and that $122,700. of such contractually specified amount was allocable for the purchase by The Stuart Company from Vita-Food Corporation of the trade-mark "The Stuart Formula," and is a capital expenditure and not deductible as an ordinary and necessary business expense.

We do not find that there was clear error in the Tax Court's findings of fact and opinion contained in the record before us.

Affirmed.