**Mrs. Mildred RITTENBERG, Wife of, and Bernard WOHL, Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

**No. 6712.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 26, 1958.

Rittenberg, Weinstein & Bronfin, Robert Weinstein, Henry F. Yoder, New Orleans, La., for plaintiffs.

Thomas E. Smail, Washington, D. C., M. Hepburn Many, U. S. Atty., Rene Pastorek, Asst. U. S. Atty., New Orleans, La., for defendant.

**J. SKELLY WRIGHT, District Judge.**

This suit involves the disallowance of certain deductions claimed by the plaintiff as business expenses in his federal income tax returns for the years 1951, 1952 and 1953.

In 1949 the taxpayer was negotiating with the Federal Housing Administration for insurance of a 35-year loan which was to finance the construction of an apartment building. A corporation, called Wohl, Inc., was to be formed to carry out the project and own and manage the apartments. The owners of the lot on which the building was to be constructed refused to lease it at less than $12,000 per year, but the FHA would not insure the loan if the ground rental exceeded $9,000 per year. Whereupon taxpayer entered into a separate contract with the landowners in which the taxpayer promised to pay the landowners $3,000 per year for 35 years out of his own funds in return for their agreement to lease the land for 99 years to Wohl, Inc., at $9,000 per year for the first 35 years.

Immediately thereafter, Wohl, Inc., was formed, with taxpayer as its principal promoter, officer and stockholder. The landowners signed the lease with Wohl, Inc., the loan insurance was approved by the FHA, and the building was constructed. Taxpayer is now the sole stockholder of Wohl, Inc., and has been the manager of the apartment building since its completion in 1951. As such, he received a salary of $13,500 in 1951, $15,000 in 1952, and $13,500 in 1953. He has received no dividends on his Wohl, Inc., stock. During the period in suit, taxpayer was also manager of another apartment building owned by Orleans Park, Inc., of which he was also a stockholder. Orleans Park, Inc., paid him approximately the same salary as Wohl, Inc., and, in addition, a dividend of $1,650 in 1951 and 1952.

Under the private agreement made to secure the lease for Wohl, Inc., taxpayer paid the landowners $2,250 in 1951, $3,000 in 1952 and 1953, and deducted these sums from his gross income as "ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business."[1] The Commis-

[1] Internal Revenue Code of 1939, Section 23(a) (1) (A); 26 U.S.C. § 23(a) (1) (A) (1952 ed.).

sioner disallowed these deductions on the theory that they were properly the business expenses of Wohl, Inc., and not of the taxpayer, and that they should be treated as capital contributions to the corporation. Taxpayer contends that these payments are his deductible expenses under Section 23(a) (1) and (2) of the 1939 Code.

The facts will not support the premise that the payments in suit are business expenses of Wohl, Inc. The obligation in question is entirely separate from the business of Wohl, Inc. Although both parties, and the agreement itself, refer to the payments of $3,000 per year as "additional rentals," this is a misnomer. Wohl, Inc., is in no way liable for, and cannot under FHA regulations assume, this personal obligation of the taxpayer. Wohl, Inc., was not a party to this agreement, and its leasehold would be unaffected by taxpayer's failure to make his yearly payments. This is not to say that Wohl, Inc., did not benefit from taxpayer's contract with the landowner. It obviously did. But that fact did not any more obligate Wohl, Inc., on that contract than any corporation is obligated to retire a bank loan made by one of its stockholders to pay the corporation for the purchase of his stock. Actually, the contract in suit was a capital contribution to Wohl, Inc., a corporation now wholly owned by the taxpayer. It was a strategem to circumvent the FHA regulations.

Taxpayer asserts that he is in the business of "managing and operating apartment houses" and that this contract obligation was and is an ordinary and necessary expense of carrying on that business. If, by "business" he means his salaried employment as manager of Wohl, Inc., this contention must fail since he can carry on as manager whether the payments are made or not. If the taxpayer's business is defined more broadly to include his activities as promoter and officer of Wohl, Inc.,[2] it is nevertheless apparent that the incurring of this obligation was only a condition precedent to the inauguration of that enterprise and is now independent of it. Should taxpayer retire as manager, and as an officer of Wohl, Inc., and transfer all his stock, this personal obligation would nonetheless continue.

On either definition of taxpayer's business, this contract obligation was necessarily incurred in order to create the business. As such, it is in the nature of a capital contribution and the payments thereunder are not deductible as a current business expense. Alexander M. Bing, 30 B.T.A. 429, affirmed Bing v. Helvering, 2 Cir., 76 F.2d 941; Isabelle Hammond-Knowlton, 19 B.T.A. 947. Cf. Cooper Foundation v. O'Malley, 8 Cir., 221 F.2d 279; Nachman v. Commissioner of Internal Revenue, 5 Cir., 191 F.2d 934; King Amusement Co. v. Commissioner of Internal Revenue, 6 Cir., 44 F.2d 709. See also Southwestern Hotel Co. v. United States, 5 Cir., 115 F.2d 686; 4 Mertens, Federal Income Taxation §§ 25.27, 25.35, 25.40.

Judgment for defendant.

2. Cf. Foss v. Commissioner of Internal Revenue, 1 Cir., 75 F.2d 326.