**Paul W. GANT and Katherine GANT,
Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13532.

United States Court of Appeals
Sixth Circuit.

Jan. 5, 1959.

James W. Allen and Seymour Samuels, Nashville, Tenn., for petitioners.

Charles K. Rice, Asst. Atty. Gen., by J. Dwight Evans, Arch M. Cantrall, Lee A. Jackson, Melva M. Graney, Rollin H. Transue, Dept. of Justice, Washington, D. C., for respondent.

Before MARTIN and MILLER, Circuit Judges, and FREEMAN, District Judge.

PER CURIAM.

This is a review of a Decision of the Tax Court adjudging income tax deficiencies and additions against petitioners for the years 1950, 1951 and 1952.

The case turns upon the construction and legal effect of a contract dated August 14, 1948, between petitioner, Paul W. Gant, and B. F. Clinton who was a distributor of Gulf Refining Company products in McMinnville, Tennessee, under a contract with Gulf. Under the contract between petitioner and Clinton petitioner took over the exclusive operation of the business, made a cash purchase of a one-half interest in the equipment, and agreed to pay Clinton $250 per month "out of the income of the business for and during the life of \* \* \* Clinton, or as long as contract with Gulf prevails," which payments were guaranteed by petitioner.

The Tax Court held, contrary to the contention of petitioners, that no partnership or joint venture was created by the contract and that the payments made by petitioner to Clinton were capital investments, to be recovered when the business was sold or otherwise disposed of and not by way of amortization or depreciation over an entirely unascertainable future period. Saline Motor Co., 22 B.T.A. 874, 875; X-Pando Corporation, 7 T.C. 48; Nachman v. Commissioner, 5 Cir., 191 F.2d 934, affirming 12 T.C. 1204.

The Tax Court also held that petitioners' failure to file timely declarations of estimated tax, Sec. 294(d) (1) (A), Internal Revenue Code, 26 U.S.C.A. (I.R.C.1939) § 294(d) (1) (A), was not due to reasonable cause. Walter H. Kaltreider, 28 T.C. 121, 126.

In reaching these conclusions, the Tax Court discussed the evidence and gave its reasons for so ruling, as set out in T.C. Memo 1957-216, November 22, 1957, with which we concur.

The decision of the Tax Court is affirmed.