KWTX Broadcasting Company, Inc., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 65001. Filed January 30, 1959.

Wilford W. Naman, Esq., for the petitioner.
J. C. Linge, Esq., for the respondent.

OPINION.

BLACK, *Judge:* Petitioner in its brief states its respective contentions as Point One and Point Two. We shall examine and consider these points in their order.

*Point One.*

Petitioner states this point as follows:

During the taxable year of 1954, Petitioner entered an agreement with Waco Television Corporation whereby it agreed to reimburse Waco Television Corporation for its expenses, not to exceed $45,000.00, incurred in submitting an application to construct and operate a television station on Channel 10 in exchange for Waco Television Corporation's agreement to make a motion to dismiss its appeal from an order of a Federal Communications Commission Examiner denying said application. Petitioner paid Waco Television Corporation the sum of $45,000.00 under this agreement during the taxable year in question. Under these facts, Petitioner is entitled to deduct the entire $45,000.00 from gross income in computing its Federal Income Tax for the taxable year of 1954.

Petitioner, in arguing Point One in its brief, states:

We are relying on the following provisions of the *1954 Internal Revenue Code* to establish our right to deduct the entire $45,000.00 from gross income during the taxable year of 1954:

Section 162—"There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, —"

Section 212—"In the case of an individual, there shall be allowed as a deduction all of the ordinary and necessary expenses paid or incurred during the taxable year—

(2) for the management, conservation or maintenance of property held for the production of income;"

Section 165(a)—"There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise."

In the first place, it seems clear that section 212 is not applicable here because it applies only to individuals. Petitioner is a corporation. It is also manifest that section 165(a) has no application under the facts of this case. Losses can only be taken in the year when they are incurred. We do not see where petitioner suffered any loss in 1954 when it paid $45,000 to Waco Television Corporation to reimburse the latter for expenses which it had incurred in connection with

its application for a television construction permit and license. There is no doubt but that petitioner made the payment; that has been stipulated. But, in making such a payment to its competitor to induce it to withdraw its appeal to the F.C.C., it certainly cannot be said that petitioner suffered any loss within the meaning of section 165 (a). We deny petitioner's contention that it is entitled to deduct a loss under section 165 (a).

This leaves us to determine whether petitioner is entitled to deduct the $45,000 in question under section 162 as an ordinary and necessary business expense. In support of its contention that it is entitled to such deduction, petitioner strongly relies on *All States Freight* v. *United States*, 72 F. Supp. 673. We think that case is not in point; we think it is distinguishable on its facts. In the *All States Freight* case, the taxpayer had been engaged in the trucking business prior to the enactment of new legislation. The taxpayer would have received, on application, a license to continue its operations as a matter of course had it not been that certain rail carriers filed opposition papers against granting the license which the taxpayer sought. The court, in its opinion holding in favor of the taxpayer, stated that its decision turned in the last analysis upon whether it considered the expenditures as made in support of an application for a license or whether it considered them as made in defense of a right to continue in business. It found the latter to be true and further stated that had the taxpayer not been in business and had the expenditures been made to process an original application for a license such expenditures would be capital in nature and not deductible as a business expense.

In the instant case it seems clear to us that the $45,000, which petitioner paid to the Waco Television Corporation to reimburse it for expenses and to induce its withdrawal of its application to operate on the same channel as petitioner, was paid not to continue in business as was in the case of *All States Freight*, but was paid to induce its competitor to withdraw its application. This was not an ordinary and necessary business expense but was in the nature of a capital expenditure in connection with the television operating permit and license which petitioner was seeking. Being a capital expenditure, it must be capitalized and is not deductible as an ordinary and necessary business expense. We so hold.

In *Radio Station WBIR, Inc.*, 31 T.C. 803, we had a similar issue before us and we decided it in favor of the Commissioner and, in doing so, we distinguished *All States Freight* v. *United States*, *supra*, on very much the same grounds as we have distinguished it above. It is true that in the *Radio Station WBIR, Inc.*, case, the taxpayer was claiming deductions for attorney fees, engineering fees, and related expenses incurred in connection with its application for a television license, whereas the deduction here sought by

petitioner is the $45,000 which it paid to a competitor to reimburse such competitor for expenses which it had incurred in seeking an operating permit and license, such reimbursement being conditioned on the competitor's agreement to withdraw its application. But in our opinion this difference in the nature of the expenditure involved in the *Radio Station WBIR* case from the $45,000 here involved is not of such kind as to justify a distinction. If the expenses for attorney fees, engineering fees, and related expenses involved in the *Radio Station WBIR* case were not deductible but must be capitalized, as we held in that case, then we think the $45,000 involved in petitioner's Point One must likewise be capitalized and cannot be deducted as an ordinary and necessary business expense.

*Point Two.*

Petitioner's Point Two is stated in its brief as follows:

(a) Petitioner paid, during the taxable year in question, $8,382.86 in legal fees for counsel to represent it at a hearing before a Federal Communications Commission Examiner and $3,983.47 in traveling expenses of the representatives and witnesses who attended said hearing. Petitioner is entitled to amortize or depreciate these two expenditures over the combined lives of the construction permit, which had a life of twenty (20) months, and the television broadcasting license, which had a life of thirty-six (36) months because said expenditures were attributable to the acquisition of said permit and license. Since one month of this fifty-six (56) month period passed during the taxable year in question, Petitioner is entitled to a deduction from gross income of $\frac{1}{56}$ of each of these expenditures.

(b) Petitioner paid, during the taxable year in question, $45,000.00 to Waco Television Corporation to reimburse said corporation for its expense in regard to an application for a construction permit and a television broadcasting license, and received in exchange the promise of said corporation to make a motion to dismiss said application and its appeal from a Federal Communication[s] Commission Examiner's order. As an alternative to Point One (1), Petitioner is entitled to amortize this expenditure over the combined lives of the construction permit and the television broadcasting license and Petitioner should be granted a deduction of $\frac{1}{56}$ of the $45,000.00 in computing its income tax for the year 1954.

In support of its Point Two, petitioner relies on section 167 which states, in part, as follows:

SEC. 167. DEPRECIATION.

(a) GENERAL RULE.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

(2) of property held for the production of income.

Petitioner argues that the facts in the instant case bring petitioner directly under Regulations 118, section 39.23(1)–3, which deal with the income tax and read as follows:

Sec. 39.23(1)-3. *Depreciation of intangible property.* Intangibles, the use of which in the trade or business or in the production of income is definitely limited in duration, may be the subject of a depreciation allowance. Examples are patents and copyrights, licenses, and franchises. Intangibles, the use of which in the business or trade or in the production of income is not so limited, will not usually be a proper subject of such an allowance. If, however, an intangible asset acquired through capital outlay is known from experience to be of value in the business or in the production of income for only a limited period, the length of which can be estimated from experience with reasonable certainty, such intangible asset may be the subject of a depreciation allowance, provided the facts are fully shown in the return or prior thereto to the satisfaction of the Commissioner. No deduction for depreciation, including obsolescence, is allowable in respect of good will.

The aggregate cost of procuring petitioner's construction permit and television license, including the amount which it paid its competitor for dismissing its appeal, was $57,366.33. We do not think it can be sustained in its contention that it should be allowed to amortize this cost over a period of 56 months, as it contends under Point Two.

In *Radio Station WBIR, Inc., supra,* to which we have already referred under Point One, the taxpayer, as an alternative in case we should deny its contention that the $37,016.68 expended by it in connection with the preparation and conduct of hearings before the F.C.C. was deductible as an ordinary and necessary business expense, contended that it should be allowed to amortize such expenses over the 3-year life of a television license. We held against the taxpayer's alternative contention in that case on the ground that its claim for amortization was premature; that its application for license was still in litigation, and that no license had as yet been granted the taxpayer.

We have no such situation here. Petitioner was in fact granted the license for which it applied August 1, 1956, this license will expire August 1, 1959, and prior to such expiration it will have to apply for a renewal of its license if it wishes to continue the operation of its television station. Thus, it will be seen that our denial of the taxpayer's claim for amortization in the *Radio Station WBIR, Inc.,* case, *supra,* because it was premature would not be supporting authority for the denial of petitioner's claim for amortization in the instant case.

However, premises considered, we do not think petitioner's claim for amortization deduction under its Point Two can be sustained.

In *Radio Station WBIR, Inc., supra,* in discussing the amortization issue which the taxpayer there raised as an alternative, we referred in a footnote to Rev. Rul. 56-520, in which it was ruled that—

if the expenditures result in obtaining permission to use the television facility, (1) the amounts thereof would not be deductible from gross income, but would constitute a part of the cost basis of an asset of a permanent nature, within the meaning of section 263 of the Internal Revenue Code of 1954; (2) since the useful life of the asset is of an indeterminate duration, a deduction for depreciation thereon is not allowable; and (3) the cost basis of such asset would be recoverable upon its sale or other disposition. * * *

While, of course, it goes without saying that the revenue ruling above referred to is not binding upon us in the decision of petitioner's claim for an amortization deduction, nevertheless we think that when applied to the facts of the instant case, the ruling is correct. Petitioner contends that the only length of time on which it can safely count for the endurance of its capital investment is the 20 months of its construction permit and the 36 months of its television license. While it is doubtless true that it will be within the power of the F.C.C. to refuse to grant a renewal of petitioner's television license when it comes up for renewal in August 1959, nevertheless we think, judging by the facts which were brought out at the trial of this proceeding and which are embodied in our Findings of Fact, that it is altogether unlikely that the F.C.C. will deny petitioner's application for a renewal of its license. In our Findings of Fact based on evidence which the Commissioner introduced at the hearing we made a finding that: "In the past a large number of these applications for renewal of television broadcasting licenses has been granted and none has been denied."

After a careful consideration of all the facts in the record, including the fact that it is altogether likely that petitioner will apply to the F.C.C. for a renewal of its license prior to its expiration in August 1959, and that such renewal will be granted, we conclude that petitioner is not entitled to amortize the $57,366.33 total expenditure over a period of 56 months. The amortization deduction asked by petitioner in its Point Two is denied.

*Decision will be entered for the respondent.*