**KWTX BROADCASTING COMPANY, Inc., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 17827.**

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1959.

---

9. See footnote 5.

Wilford W. Naman, J. Rodney Lee, Waco, Tex., Naman, Howell, Smith & Chase, Waco, Tex., for petitioner.

Carolyn R. Just, Atty., Dept. of Justice, Charles K. Rice, Asst. Atty. Gen., A. F. Prescott, Sharon L. King, Lee A. Jackson, Dept. of Justice, Washington, D. C., Arch M. Cantrall, Chief Counsel, I. R. S., John M. Morawski, Sp. Atty., Washington, D. C., for respondent.

Before RIVES, Chief Judge, and HUTCHESON and TUTTLE, Circuit Judges.

PER CURIAM.

This petition to review the decision of the Tax Court presents the question whether that court's finding and conclusion, that the initial outlay made by petitioner in obtaining its three year license to operate a television station cannot be depreciated over the life of the license, under Sec. 167, I.R.C. of 1954, 26 U.S.C.A. § 167, and T.R. Sec. 1.167(a)–3, is clearly erroneous.

The regulation upon which petitioner bases its claim to the right to take depreciation over the life of the license (plus the life of the temporary license) provides:

"If an intangible asset *is known from experience or other factors to be of use in the business* * * * for only a limited period, the length of which can be estimated with reasonable accuracy, such an asset may be the subject of a depreciation allowance. * * *" (Emphasis added.)

We affirm the findings of fact and conclusions of the Tax Court, that, on the basis of the history of the regulation of the television industry by the Federal Communications Commission,[1] it is "not known from experience or other factors" that this intangible asset is of use in the business for only a limited period.

Therefore, we affirm the decision of the Tax Court on its findings of fact and opinion, 31 T.C. 952, and on this court's earlier decision in Nachman v. Commissioner, 5 Cir., 191 F.2d 934.

Decision affirmed.

---

1. The Commission has never refused to grant a renewal of a license once it has been granted.