**DARLINGTON–HARTSVILLE COCA-COLA BOTTLING COMPANY, Inc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**SPARTANBURG COCA–COLA BOTTLING CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. Nos. 66–320, 66–330.

United States District Court
D. South Carolina,
Spartanburg Division.

May 9, 1967.

B. E. Geer, Jr., and J. M. Walters, Geer, Walters & Demo, Greenville, S. C., for plaintiffs.

John C. Williams, U. S. Atty., James D. McCoy, III, Asst. U. S. Atty., and Mitchell Rogovin, Asst. Atty. Gen., Hubert M. Doster, Sidney B. Williams, Attys., Dept. of Justice, Washington, D. C., for the United States.

## ORDER

J. ROBERT MARTIN, Jr., Chief Judge.

This matter has been submitted to the Court for a determination upon the basis of written briefs presented on behalf of the parties to these actions. The facts of the case have been stipulated and the stipulation is hereby incorporated and made a part of this Order by reference as being an accurate statement of the factual situation surrounding this case.

The sole issue is whether the payments made by the plaintiff bottling companies on January 8, 1964, to the Coca-Cola Company are deductible by the plaintiffs as ordinary and necessary business expenses under Sec. 162(a) of the Internal Revenue Code of 1954.

The plaintiffs argue that these payments were made solely to eliminate burdensome and onerous contracts and are, therefore, deductible as ordinary and necessary business expenses. In support of this contention, the plaintiffs cite the following authorities: Stuart Co. v. Commissioner, 9 TCM 585 (1950), aff'd 195 F.2d 176 (9th Cir. 1952); Pressed Steel Car Co. v. Commissioner, 20 TC 198 (1953), acq. 1956–2 CB 8; Bressner Radio, Inc. v. Commissioner, 28 T.C. 378 (1957), acq. 1958–1 CB 4, rev'd and rem'd on other grounds 267 F.2d 520 (2d Cir. 1959); Appeal of Denholm & McKay Co., 2 BTA 44 (1925), acq. IV–2CB2; Helvering v. Community Bond & Mfg. Co., 74 F.2d 727 (2d Cir. 1935), aff'g 27 BTA 480; Montana Power Co. v. United States, 171 F.Supp. 943, 145 Ct.Cl. 611 (1959); and Metropolitan Co. v. United States, 176 F.Supp. 195 (S.D.Ohio 1959).

On the other hand, the Government takes the position that these payments were for the purpose of acquiring new and more favorable franchise bottling contracts and, therefore, constitute capital expenditures which are not deductible as ordinary and necessary business expenses. Welch v. Helvering, 290 U.S.

111, 54 S.Ct. 8, 78 L.Ed. 212 (1933); Sec. 263 of the Internal Revenue Code of 1954.

Regardless of whether these payments were for new and more favorable contracts as the Government contends or for the elimination of burdensome and onerous contracts as the plaintiffs contend, the ultimate purpose and effect of these payments is clear. These were part of a well thought out three part plan to improve the profits of the bottling company plaintiffs by eliminating a nonproductive middle man's contract, thereby reducing the base prices for syrup paid by the plaintiffs by making possible direct and more favorable contracts with the Coca-Cola Company which were subsequently negotiated.

The general rule is that an expenditure is a capital outlay, as opposed to an ordinary and necessary business expense, if it brings about the acquisition of a business advantage extending into the indefinite future. United States v. Akin, 248 F.2d 742 (10th Cir. 1957). This principle has been applied in this Circuit. "A taxpayer may, therefore, not deduct as a current business expense the full cost of acquiring an asset, tangible or intangible, which benefits the taxpayer for more than one year." Richmond Television Corp. v. United States, 345 F.2d 901, 907 (4th Cir. 1964).

The purpose of this rule is clear. Our income taxation is a plan to match the income and expenses of a given taxable year so as to tax only that which is net income. An expense which results in the acquisition of even an intangible business advantage which benefits the taxpayer for more than one year, therefore, may not be deducted as a current business expense.

These January 8, 1964, payments by the plaintiffs secured for them a business advantage which extends into the indefinite future. Even though the payments were made only once and were nonrecurring. The benefits gained by virtue of these payments could reasonably be expected to continue for an indefinite time. Indeed, they have already survived the accounting period for which the business deduction is claimed.

The Court realizes that the expenditure does not have to be recurrent, does not have to be an absolute necessity, and does not have to be involuntarily made in order to qualify for a business deduction. The Court further understands that each case must be considered under its own peculiar facts and that in this case no actual physical assets were obtained. Nevertheless, the Court concludes that these payments constitute capital expenditures not deductible as ordinary and necessary business expenses since they obtained for the plaintiffs an intangible business advantage of an indefinite duration which extends beyond the accounting period for which the deduction is claimed, and into the indefinite future. It must be concluded that the plaintiffs are not entitled to refunds. Accordingly,

It is ordered that judgment be entered in favor of the defendant, the United States of America.