CHANDLER TRAILER CONVOY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Chandler Trailer Convoy, Inc. v. Commissioner
Docket No. 443-72.
United States Tax Court
T.C. Memo 1973-285; 1973 Tax Ct. Memo LEXIS 4; 32 T.C.M. (CCH) 1372; T.C.M. (RIA) 73285; December 27, 1973, Filed. Jerry T. Light, for the petitioner. Randolph A. Monsur, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined deficiencies in petitioner's income taxes for the calendar years 1968 and 1969 in the amounts of $2,266.06 and $15,109.20, respectively. Some of the issues raised by the pleadings have been disposed of by the parties leaving for our decision whether petitioner is entitled to deduct as a business 2 expense the amount of $25,201.14 expended in 1969 in its effort to obtain a nationwide certificate of public convenience and necessity *5 from the Interstate Commerce Commission. All of the facts have been stipulated and are found accordingly. Petitioner Chandler Trailer Convoy, Inc., was incorporated in Arkansas in 1953. Its principal office was in Little Rock, Arkansas at the time its petition in this case was filed. Petitioner filed its corporate Federal income tax returns for the taxable years ended December 31, 1968 and 1969 with the director, Internal Revenue Service Center, Austin, Texas. Petitioner's business which is hauling house trailers, boats, and buildings in interstate and intrastate commerce requires licensing by the Interstate Commerce Commission (ICC). Petitioner has obtained approximately 90 certificates of public convenience and necessity from the ICC, permitting it to transport goods between various locations specified in the certificates. All of these route certifications are of limited geographical scope. All of the certificates obtained by petitioner are of indefinite duration, and continue in effect until revoked by the ICC or voluntarily revoked by the carrier. Revocation of a certificate by 3 the ICC occurs only upon misconduct by the carrier.Mere failure by a carrier to transport *6 goods to the fullest extent of the authority granted will not of itself cause revocation. Voluntary revocation of a certificate by a carrier is uncommon since it is more difficult for a carrier to obtain certification of a route which was voluntarily revoked than for it to obtain an initial certification. In 1968 petitioner applied to the ICC for a certificate of public commerce and necessity (hereinafter referred to as nationwide certification), authorizing operation, in interstate or foreign commerce, as a common carrier by motor vehicle over irregular routes transporting trailers designed to be drawn by passenger automobiles, in secondary movements, in truckaway service between points in the United States, . including Alaska (except Hawaii, Newport, Arkansas and points within 10 miles thereof, and Jacksonville, Arkansas). The nationwide certification applied for by petitioner in 1968 was of the permanent variety which would continue in effect until revoked by the ICC or voluntarily revoked by petitioner. Petitioner incurred costs totaling $25,201.14 in 1969 in its attempt to secure a nationwide certification and deducted this amount in full on its 1969 Federal income tax *7 return. On December 11, 1970, 4 the ICC hearing examiner denied petitioner's application. The denial by the hearing examiner was effective as an order of the ICC 30 days from its issuance unless the applicant or other parties in interest filed exceptions thereto with the ICC. Petitioner did file an exception and on December 17, 1971, Division I of the ICC recommended that petitioner's application be approved. Subsequent to this recommendation, another carrier was granted an extension of time to request reconsideration of this ruling by the full Commission. Respondent determined that the $25,201.14 deducted by petitioner as the costs incurred in attempting to secure ICC nationwide certification represented a capital expenditure, neither currently deductible nor recoverable through amortization. Section 162(a), I.R.C. 1954, [1] provides for the deduction of all ordinary and necessary business expenses and 5 section 263, [2] denominated "Capital Expenditures," provides that no deduction shall be allowed for amounts paid out for new buildings, permanent improvements or betterments, or in restoring property or making good the exhaustion for which an allowance is or has been *8 made. We have consistently held that amounts expended to acquire items such as franchises which have a useful life of more than one year are not deductible as business expenses under section 162 but are capital expenditures which are not deductible by virtue of section 263. Dow Corning Corp., 53 T.C. 54, 56 (1969); *9 KWTX Broadcasting Co., 31 T.C. 952 (1959) affirmed 272 F.2d 406 (C.A. 5, 1959); and Vermont Transit Co., 19 T.C. 1040, 1045 (1953), affirmed 218 F.2d 468 (C.A. 2, 1955). Our question here is, therefore, a purely factual one of whether the $25,201.14 was spent to acquire a capital asset and is therefore a nondeductible capital expenditure. 6 Petitioner argues that its application was not filed to enable it to embark upon a new business, but rather to enable it to continue its old business with simply a route change. Petitioner contends that since route changes are routinely sought by carriers in the course of conducting a transport business, under the holding of the Supreme Court in Welch v. Helvering, 290 U.S. 111, 113 (1933), expenditures incurred in applying for new and different routes are deductible as ordinary and necessary within the meaning of section 162. The conclusion contended for by petitioner does not follow from the facts that petitioner is not attempting to initiate a new enterprise and that transport companies frequently file applications with the ICC for additional routes. The facts show that *10 the nationwide certification sought would (a) grant petitioner an additional intangible right in that it would be able to transport directly between almost all points to all other points in the United States, and (b) would result in the permanent betterment of the certificates already owned by petitioner since its routes would no longer be of limited geographical scope. Even though amounts expended in an effort to obtain a broader ICC certification may be ordinary in the sense of customary and usual in the industry and may be necessary in the sense of appropriate and helpful, where the 7 evidence shows that the amounts were spent to acquire a capital asset, the amount expended must be capitalized in accordance with section 263. Woodward v. Commissioner, 397 U.S. 572 (1970). Petitioner spent amounts in pursuit of an unlimited right to transport throughout the United States. Petitioner argues that it already had this right except that it had to transport the object through Arkansas. The evidence does not show the precise geographical limitation on petitioner's routes but if we accept its statement of the situation the nationwide certification would nevertheless *11 be a permanent betterment to petitioner's limited certificates since it would be able to operate competitively throughout the United States and not be limited competitively by having to haul an object from New York to Philadelphia via Arkansas. If eventually successful, petitioner will acquire an additional intangible business asset and will benefit therefrom for many years to come. The fact that petitioner has not yet been awarded the new certificate does not cause the expenditure to be deductible. We have held that "[the] fact that [the taxpayer] may not be successful in its efforts to acquire [the certificate] is not sufficient to change the character of such expenditures or to constitute them ordinary and necessary 8 business expenses" even though the amount might in a later year constitute a deductible loss if the attempt to acquire the nationwide certification is ultimately unsuccessful. Radio Station WBIR, Inc., 31 T.C. 803, 814 (1959). Petitioner relies on Marcell v. United States, an unreported case ( D. Vt., 1961, 8 A.F.T.R. 2d 5344, 61-2U.S.T.C. par. 9628), where the court allowed the taxpayer to deduct the cost of acquiring a Canadian *12 trucker's operating permit. That case is distinguishable from the instant case on its facts.In the Marcell case the court found that the permit was not of indefinite duration but had to be renewed annually and therefore was not in the nature of a permanent improvement or betterment as is the ICC nationwide certification petitioner was attempting to obtain. In All States Freight, Inc. v. United States, 72 F. Supp. 673 (N.D. Ohio, 1947), also relied on by petitioner, the court found that the taxpayer was not obtaining anything new, but was merely defending its right to continue in business. The Court concluded that the expenditure was deductible as a necessary expense in repelling an attack on the taxpayer's right to continue in business. The All States case is also distinguishable on its facts from the instant case. 9 We hold that the $25,201.14 spent by petitioner in 1969 in an effort to obtain an ICC nationwide certification is not a deductible business expense but is a nondeductible capital expenditure. It is not clear whether any issue has been raised as to the recovery by petitioner of the cost of acquisition of the certificate through amortization. If *13 there is such an issue raised, we do not reach it. Since petitioner had not as of the year here in issue received the certificate from ICC, it would be premature to consider whether the cost of acquiring the certificate, if one is eventually acquired, would be recoverable through amortization. Radio Station WBIR, Inc., supra.
Decision will be entered under Rule 50. Footnotes
1. All references are to the Internal Revenue Code of 1954, unless otherwise indicated SEC. 162(a). In general. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * * Sec. 1.162-1(a) [Income Tax Regs.] In general. Business expenses deductible from gross income include the ordinary and necessary expenditures directly connected with or pertaining to the taxpayer's trade or business, * * * ↩
2. SEC. 263. CAPITAL EXPENDITURES. (a) General Rule. - No deduction shall be allowed for - (1) Any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate. * * * (2) Any amount expended in restoring property or in making good the exhaustion thereof for which an allowance is or has been made. ↩