*155 OPINION.
Leech :
The first issue is whether the losses sustained by the partnership and the corporation on the sale of non-Government securities may be offset against gains realized on sales of Government securities. It is stipulated that the partnership and the corporation were dealers *156 in Government securities, but were merely traders and not dealers in non-Government securities.
Section 23 (r) (1) of the Eevenue Act of 1932 reads as follows:
(1) Bosses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges * * *.
Subdivision (3) of section 23 (r) states: “This subsection shall not apply to a dealer in securities * *
Stocks and bonds are defined in subsection (t) as follows:
As used in subsections (r) and (s), the term “stocks and bonds” means (1) shares of stock in any corporation, or (2) rights to subscribe for or to receive such shares, or (3) bonds, debentures, notes, or certificates or other evidences of indebtedness, issued by any corporation (other than a government or political subdivision thereof) * * *.
The meaning thus expressed parenthetically by Congress in subsection (t) is clear and unambiguous. No interpretation or construction from legislative history or otherwise is therefore possible. United States v. Graham, 110 U. S. 219; United States v. Alger, 152 U. S. 384; Houghton v. Payne, 194 U. S. 88; Helvering v. City Bank Farmers Trust Co., 296 U. S. 85. It is plain that such parenthetical expression is fatal to petitioners’ contention. The fact that their only gains arose from sales of Government securities leaves no gains, existing, of a type against which their losses may be offset. We hold that petitioners may not offset their losses against gains from sales of Government securities.
The second issue is whether the partnership is entitled to deduct the initiation fee, which it paid to the New York Stock Exchange upon the transfer of the membership, as a business expense. (Eev-enue Act of 1932, sec. 23 (a).) Eespondent disallowed the deduction for the reason, as stated in the deficiency notice, that “the amount paid * * * is a capital expenditure and as such is not deductible.” If this is so, of course, the item is not deductible as an expense.
Petitioners have the burden of establishing the error of which they complain. Particularly is this so here, where the evidence, if there be any, is within their control. See Chicago Railway Equipment Co. v. Commissioner, 39 Fed. (2d) 378; reversed on another ground, 282 U. S. 295; Mammoth Oil Co. v. United States, 275 U. S. 13; Wigmore on Evidence, § 285.
Plere, petitioners have not shown whether they merely bought the use of the membership for a limited period or it was a capital asset and transferred as such to the successor partnership. And, assuming that it was the former, there is nothing in the record indicating that the value of the right to use the membership was totally exhausted *157 on August 30,1933, or continued to be valuable to tbe successor firm— thus rendering impossible any determination of the taxable year or years to •which the expense, even if it were such, is allocable. See Duesenberg, Inc. of Delaware, 31 B. T. A. 922; affd., 84 Fed. (2d) 921. No error in denying the deduction of this item having been established, respondent is affirmed on this issue.
Since the parties have agreed on certain items placed in issue by the pleadings,

Decisions will be entered under Buie 50.