E. Vance **WALTERS** and Kae L. Walters, Petitioners,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent.

No. 17303.

United States Court of Appeals
Sixth Circuit.
Oct. 11, 1967.

---

Charles J. Chastang, Columbus, Ohio, for petitioners, Chastang & Carroll, Columbus, Ohio, of counsel.

Willy Nordwind, Jr., Atty., Dept. of Justice, Washington, D. C., for respondent, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., on brief.

Before EDWARDS, CELEBREZZE, and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This is an appeal from a decision of the Tax Court affirming the Commissioner's disallowance as business expenses of medical staff fees paid by appellant, an osteopath, to the Epp Memorial Hospital in Cincinnati. The amounts in question— $400 in 1961 and $1000 in 1962—were found by the Commissioner to be amortizable capital expenditures rather than business expenses.

At the relevant time, Epp Memorial Hospital was the only Cincinnati area hospital which would accept applications for staff membership from holders of the academic degree of Doctor of Osteopathy as well as from recipients of the degree of Doctor of Medicine. The board of trustees of the hospital set the staff fee for Minor Specialist (appellant's classification) at $5000, and the payments under consideration here represent the first two installments of appellant's staff fee.

At the time these payments were made, Article X of the hospital's Code of Regulations provided:

Membership in and/or on said Medical Staff shall be for one year and annually the Board of Trustees of the Corporation shall elect members to or renew membership previously established in, or to the said Staff, acting upon the advice of the Staff previously given.

Section 5(A) of the Constitution and By-Laws of the Staff provided:

Appointments to the Staff shall be made by the Board of Trustees of the Hospital and shall be for a period of one year. At the end of the year, the Board of Trustees may reappoint all members of the Staff for another period of one year, providing the annual dues are paid within 90 days, and, providing the Staff has not recommended that any specific appointment shall not be renewed. Should the Board of Trustees wish to take the initiative in refusing to renew an appointment already made, or make an appointment, it shall do so only after conference with the Medical Staff.

Appellant states by affidavit:

I had knowledge of the Rules and Regulations of the Medical Staff and of the corporation pertaining to eligibility for medical staff membership and reasonably anticipated that I would be reappointed each year if I continued to meet the requirements of such Rules and Regulations.

■■ A business expenditure is of a capital nature, rather than an ordinary and necessary business expense as defined by § 162 of the Internal Revenue Code of 1954, when the benefits of the

expenditure are to be enjoyed over a comparatively lengthy period of business operation. Godfrey v. Commissioner of Internal Revenue, 335 F.2d 82 (6th Cir. 1964). The Tax Court, in affirming the determination of the Commissioner in the instant case, found that appellant's expenditures were "for a business benefit of the doctor extending well beyond the year of payment." [1] The sole question before us is whether this factual finding of the Tax Court is clearly erroneous. Genco v. Commissioner of Internal Revenue, 372 F.2d 129 (6th Cir. 1966). We find that it is not clearly erroneous, and we therefore affirm.

The Commissioner relies upon two earlier cases which hold that medical staff fees constitute capital expenditures, Howard v. Commissioner of Internal Revenue, 39 T.C. 833 (1963), and Wells-Lee v. Commissioner of Internal Revenue, 360 F.2d 665 (8th Cir. 1966). Appellant attempts to distinguish his case from Howard, principally on the ground that in Howard, doctors who had been staff members at the time of the opening of the hospital could be deprived of their staff privileges only by a vote of 2/3 of the professional staff, while in this case the staff membership of each doctor is to be reviewed annually by the board of trustees. Despite the ultimate power of the board over personnel, however, appellant stated by affidavit that he expected to be reappointed if he obeyed the hospital rules. In Wells-Lee, supra, as in this case, the hospital's governing board reviewed staff appointments annually, but the court based its decision on the probability of reappointment rather than on the possibility of dismissal, and found that staff fee expenditures were capital in nature.

Fees paid for liquor licenses and for broadcasting licenses are analogous to the medical staff fees involved here, in that the privileges obtained in exchange for these fees are subject to renewal periodically. Despite the possibility that these privileges will be withdrawn, however, the fees have been regarded as capital expenditures because of the likelihood of renewal. Nachman v. Commissioner of Internal Revenue, 191 F.2d 934 (5th Cir. 1951) (liquor license); KWTX Broadcasting Co. v. Commissioner of Internal Revenue, 272 F.2d 406 (5th Cir. 1959) (broadcasting license).

Appellant also attempts to distinguish this case from Howard on the grounds that in Howard, most of the funds for building the hospital were solicited from physicians desiring to practice there; these physicians became voting members of the hospital association; and some of them were excused from paying a locker fee. We hold that none of these facts detracts significantly from the similarity between the intangible asset acquired by the doctors in Howard and that acquired in the present case. See Wells-Lee v. Commissioner of Internal Revenue, supra.

In Dinardo v. Commissioner, 22 T.C. 430 (1954), the case relied upon principally by appellant, an osteopath was permitted to deduct as business expenses amounts he had paid to make up the operating deficit of the hospital of which he was a staff member. Dinardo may be distinguished from the instant case because the amounts paid were applied to deficits for the tax years in question. See 4A Mertens, Law of Federal Income Taxation, ¶ 25.24.

The judgment of the Tax Court is affirmed.

[1]. This statement is taken from the opinion of the Tax Court in Heigerick v. Commissioner, 45 T.C. 475 (1966), a companion case to the instant case concerning the same hospital and based on the same stipulation of facts.