ARTHUR E. RYMAN, JR., AND JACQUELINE S. RYMAN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4659–66. Filed February 28, 1969.

Arthur E. Ryman, Jr., pro se.
*James T. Finlen, Jr.*, for the respondent.

IRWIN, *Judge:* Respondent determined a deficiency in petitioners' income tax for the taxable year 1963 in the amount of $66.69. The only issues for our decision are whether or not petitioners are entitled to deduct as ordinary and necessary business expenses under section 162 [1] (1) amounts expended by petitioner Arthur E. Ryman, Jr., in gaining admission to practice before the bar of Iowa, and (2) the cost of a reception held on the occasion of petitioner Arthur E. Ryman's admission to said bar.

#### FINDING OF FACT

Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is hereby incorporated by this reference.

Arthur E. Ryman, Jr. (hereinafter petitioner), and Jacqueline S. Ryman, husband and wife, resided in Des Moines, Iowa, on the date

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.

they filed their petition in this proceeding. They timely filed a joint Federal income tax return for the calendar year 1963 with the district director of internal revenue at Des Moines, Iowa.

Petitioner was first admitted to the practice of law in February 1956, in the State of Colorado. He practiced law in Colorado until September 1959, except for the period September 1958 to June 1959, when he attended Yale University. Petitioner was a member of the law faculty of Cumberland University, Tenn., from September 1959 to August 1960. He was an American Political Science Association Congressional fellow from September 1960 to August 1961. In September 1961, petitioner became a full-time member of the law faculty of Drake University Law School (hereinafter law school), Des Moines, Iowa, where he has been continuously employed to the present time. Petitioner presently holds the rank of Associate Professor, Law, at the law school.

The law school is an institution accredited by the American Bar Association and it is a member of the American Association of Law Schools.

No license to practice law in Iowa was required by the law school or the State in order for petitioner to engage in his gainful employment as a full-time teacher on the faculty of the law school. Nor does the law school require admission to the Iowa bar for promotion or tenure.

On May 8, 1963, petitioner was admitted to the bar of Iowa on motion pursuant to rule 115 of the Iowa Supreme Court's rules governing admission to the bar. Petitioner paid $126 to the clerk of the Supreme Court as required by rule 115.

Admission to the bar of Iowa is valid during the good behavior of the member and the license does not have to be renewed periodically.

On petitioners' joint Federal income tax return for the taxable years 1963, 1964, 1965, and 1966, petitioner reported income from the practice of law in the respective amounts of $35, $100, $180, and $65.

Petitioners' 1965 and 1966 joint Federal income tax returns listed petitioner's occupation to be that of a teacher and lawyer.

On Wednesday, May 8, 1963, the day petitioner was admitted to the bar, petitioner's wife invited approximately 40 guests to a garden party to be held the following Saturday evening at 6 p.m. on the occasion of his admission to the bar. Petitioner did not intend to derive substantial legal business as a result of the party. Those invited included the president of Drake University and his wife, deans of the several departments of Drake University and their wives, members of the law school faculty and their wives, and a few others connected with Drake University. The party was a spur-of-the-moment affair. Because of the short notice, several of the invited guests could not

attend because of previous commitments. Twenty-seven guests attended the party which was moved indoors because of rain.

A buffet-style dinner was served during the party with the assistance of a woman hired by Jacqueline S. Ryman for the occasion. Petitioners also employed a bartender to serve drinks so they could be free to mingle with the guests. The party concluded at approximately 9 p.m., but might have lasted longer had not the guests been forced inside petitioners' small house because of the rain. In addition to the cost of hiring a maid and bartender, petitioners spent $27.40 for rental of card tables, silverware, and other items, $54.51 for food, soft drinks, and paper plates, and $54.08 for liquor. In all, petitioners expended $177.17 for the party. This activity was in excess of the usual social activity of petitioners.

### OPINION

### *Bar Admission Cost*

Petitioner herein contends that the amount he expended in gaining admission to practice before the bar of Iowa was an ordinary and necessary business expense [2] and hence deductible by him pursuant to section 162(a).[3] We disagree. Instead, we agree with the respondent that this amount constituted a nondeductible capital expenditure.

Petitioner has the burden of proving that he is entitled to the deduction. Rule 32, Tax Court Rules of Practice. In order for petitioner to obtain the deduction under section 162, he must prove not only that this expenditure was "paid or incurred during the taxable year in carrying on any trade or business," but he must also prove that the expense was both "ordinary and necessary." We believe that this expenditure was not an "ordinary" one within the meaning of this word in section 162(a), but was in the nature of a capital expenditure. As such it is nondeductible under that section.

The Supreme Court in *Welch* v. *Helvering*, 290 U.S. 111 (1933), was faced with a question similar to the one presented in this case. Passing on the question of whether payments voluntarily made by an officer of a bankrupt corporation to former customers, with whom he sought to reestablish business contacts, constituted an "ordinary" as opposed to a capital expenditure, the Court in *Welch* used the following oft-cited language in support of its determination that such payments constituted capital expenditures:

Reputation and learning are akin to capital assets, like the good will of an old partnership. * * * For many, they are the only tools with which to hew a path-

---

[2] Petitioner does not contend that this expenditure was for the production of income deductible pursuant to sec. 212. We, therefore, do not consider this issue.

[3] SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

way to success. The money spent in acquiring them is well and wisely spent. It is not an ordinary expense of the operation of a business.

Similarly, in *Commissioner* v. *Tellier*, 383 U.S. 687, 689–690 (1966), the Supreme Court reiterated the distinction between "ordinary" and capital expenditures, first raised by it in *Welch* v. *Helvering*, as follows:

The principal function of the term "ordinary" in § 162(a) is to clarify the distinction, often difficult, between those expenses that are currently deductible and those that are in the nature of capital expenditures, which, if deductible at all, must be amortized over the useful life of the asset. *Welch* v. *Helvering, supra* * * *

While the above language was dictum in *Tellier*, any other construction would seem to make the distinction between sections 162 and 167 [4] largely meaningless. If a taxpayer purchases an asset for his business which has a useful life of, say, 5 years for which he would be entitled to a depreciation deduction under section 167, there would seem little reason for him to do so if he also had the option of deducting the full amount of the expenditure under section 162(a). To allow a current deduction for a capital expenditure which could be depreciated or amortized over a useful life in excess of 1 year would seem to thwart not only these particular sections [5] but also the purposes of the Internal Revenue Code in general since gross income from year to year would be distorted and would generally fluctuate more than would otherwise be the case.

Although the cases sometimes speak of an acquisition of a capital asset or an improvement to some existing property,[6] it seems clear to us that any expenditure which secures a benefit to the taxpayer lasting beyond the taxable year is generally in the nature of a capital expenditure and hence not an "ordinary" expenditure currently deductible pursuant to section 162(a).[7] See *United States* v. *Akin*, 248 F. 2d 742, 743–744 (C.A. 10, 1957), certiorari denied 355 U.S. 956 (1958). The situation in the case at bar does not seem significantly

---

[4] SEC. 167. DEPRECIATION.

(a) GENERAL RULE.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

(2) of property held for the production of income.

[5] "The allowance for depreciation is primarily intended to provide a nontaxable fund to restore property used in producing income at the end of its useful life, when its capacity to produce income has ceased." 4 Mertens, Law of Federal Income Taxation, sec. 23.01, p. 6 (1966). See also the language of Mr. Justice Brandeis in *United States* v. *Ludey*, 274 U.S. 295, 300–301 (1927).

[6] Sometimes with reference to sec. 263(a). On capital expenditures in general see: 4A Mertens, Law of Federal Income taxation, sec. 25.20, pp. 96–109 (1966 rev.); Graves "Capital Expenditures v. Current Deductions," 37 Taxes 1126–1131 (1959).

[7] We recognize that an expenditure can still be "ordinary" and hence deductible under sec. 162(a) even though it is nonrecurring. *Welch* v. *Helvering*, 290 U.S. 111 (1933). Our primary consideration herein should be the length of time the benefit therefrom is reasonably expected to endure.

different from that we faced in *Grace National Bank of New York*, 15 T.C. 563 (1950), wherein we said, at page 565:

If the payment was an ordinary and necessary business expense, it is properly deductible from gross income by the petitioner under section * * * [162 (a) of the 1954 Code]. However, if it was a capital expenditure, it is not properly deductible from gross income as an "ordinary" business expense. * * *

The $5,000 fee was paid by the petitioner in order to become a member of the Association. This fee is charged but once and has no fixed relation to any period of time or to the special services rendered by the organization. It is in addition to the annual dues periodically assessed against each member to provide for the expenses of the organization and is to be distinguished from such annual dues. The admission fee is a payment required by the Association of a member-elect as a condition precedent to its becoming a member. It is not a recurring expense, and its benefits are not limited to the taxable year in which it was paid or incurred but will last as long as petitioner elects to remain a member of the Association. It has utility long beyond the tax period involved. As such, it is a capital expenditure rather than an "ordinary" business expense incurred during the taxable year. * * *

See also *William Wells-Lee* v. *Commissioner*, 360 F. 2d 665 (C.A. 8, 1966), affirming in part and reversing in part a Memorandum Opinion of this Court. *Glenn L. Heigerick*, 45 T.C. 475 (1966); and *Walters* v. *Commissioner*, 383 F. 2d 922 (C.A. 6, 1967), affirming a Memorandum Opinion of this Court.

Accordingly, our only pertinent remaining inquiry is whether or not petitioner reasonably expected the benefit of the license to extend beyond the year in issue. While it is conceivable that some circumstances could arise in which an attorney may desire to become admitted to a bar for a period of less than 1 year, petitioner has presented us with no facts that might indicate that this was his intention when he applied for admission to practice before the bar of Iowa. Nor even does he contend that he became a member of the bar for any purpose that he expected to last less than 1 year. To the contrary, the evidence clearly indicates that the benefits from his admission are of indefinite duration and extended beyond the year in which the expense was incurred. As a law professor he remained a member of the Practical Skills Committee of the law school (for which it may have been advantageous to be a member of the Iowa bar) at least through 1966; as an attorney he received some income from the practice of law every year from the year he was admitted (1963) through at least 1966. Clearly, this expenditure was capital in nature and not deductible as a business expense in the year of payment.

### Reception Expenditure

The second issue before us is that of the $177.17 expenditure incurred by the petitioners for a reception that they held upon the occasion of petitioner's admission to the Iowa bar. The respondent did not

question the substantiation of this amount; therefore, the only question that we must face is whether or not this amount is deductible.

Petitioner claims that this expenditure was an ordinary and necessary business expense and, therefore, deductible pursuant to section 162(a)[8] or incurred for the production of income and, therefore, deductible under section 212.[9] We disagree. Petitioner has the burden of proving that not only does the expenditure qualify under one of these sections, but also that it is not disqualified under any other section of the Code. Rule 32, Tax Court Rules of Practice; *Welch* v. *Helvering*, *supra.* Here we agree with the respondent that the petitioner has failed to meet his burden of proving that the expenditure should not be disallowed under section 262.[10] Since we hold that section 262 precludes the deduction for the reasons set out below, it is, therefore, not necessary for us to determine whether or not the expenditure would be disqualified as a deduction under section 274(a)(1)(A)[11] or would otherwise qualify under section 162(a).

Several factors are indicative of the social or personal, rather than business, nature of the party. In the first place, it was not held on a normal business day or following a business discussion, but on a customary social evening, Saturday night. The guests included not only petitioner's colleagues but their wives as well. Alcoholic beverages as well as a buffet dinner were served. While the party might not have been held but for petitioner's admission to practice before the bar and while he may have expected some business benefit therefrom,[12] it seems

---

[8] See fn. 3, *supra.*

[9] SEC. 212. EXPENSES FOR PRODUCTION OF INCOME.

In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

    (1) for the production or collection of income;

    (2) for the management, conservation, or maintenance of property held for the production of income; or

    (3) in connection with the determination, collection, or refund of any tax.

[10] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

[11] SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.

    (a) ENTERTAINMENT, AMUSEMENT, OR RECREATION.—

        (1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

            (A) ACTIVITY.—With respect to any activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, * * *

[12] Petitioner's testimony would seem to preclude any finding that the expenditure was incurred for the production of income or incurred in his trade or business of being an attorney. When asked if the party was held to advertise his dual status as a law teacher and as a lawyer, petitioner replied: "Well, no, because I had no expectation that I was going to do any substantial practicing or making any substantial money that way. My primary business is as a law teacher and there is a restricted amount of practice that a full-time law teacher can do." Thus, it would seem that the expenditure could only have been incurred in his status as a law professor. However, as indicated above, it is not for us to decide this question.

to us that the primary motivation for the party was personal rather than business; whatever business benefit was expected seems clearly incidental. As such, the expenses therefor are nondeductible. *Vaughn V. Chapman*, 48 T.C. 358 (1967) ; *James Schulz*, 16 T.C. 401 (1951), acq. 1951–2 C.B. 4; *Louis Boehm*, 35 B.T.A. 1106 (1937), acq. 1939–2 C.B. 4.

Any other holding would seem to make almost any expenditure incurred for entertainment for or with business associates or present or potential clients or customers deductible, for it can be argued that a businessman always expects to reap at least some business goodwill from such events. While a taxpayer should not necessarily have to show that he spent more time on the business aspects of the event, see e.g., respondent's regulations, sec. 1.274–2(c)(3)(iii), the test should be and is the primary motivation of the taxpayer in making the expenditure. *James Schulz, supra.* We hold herein that petitioner has failed to prove that his primary motivation in making the expenditure for the reception was business rather than personal in nature. Hence, the expenditure cannot be deducted under any section of the Code.

*Decision will be entered for the respondent.*