Manfred Brecker and Anne Brecker v. Commissioner.
Brecker v. Commissioner
Docket No. 7614-70 SC.
United States Tax Court
T.C. Memo 1972-61; 1972 Tax Ct. Memo LEXIS 194; 31 T.C.M. (CCH) 257; T.C.M. (RIA) 72061; March 6, 1972, Filed. Manfred Brecker, pro se, 130 Lakeville Road, Lake Success, N. Y.Steven B. Nagler, for the respondent. INGOLIA
Memorandum Findings of Fact and Opinion INGOLIA, Commissioner: Respondent determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $1,170. Concessions having been made, the only issue remaining is whether certain expenditures made by the petitioners are *195 deductible business expenses under section 162 [1] or are nondeductible personal expenses under section 262. Findings of Fact The petitioners, Manfred Brecker and Anne Brecker, his wife, were legal residents of Lake Success, New York, at the time their petition was filed. They filed their Federal tax return for the year 1967 in the State of New York. In 1967, Manfred Brecker (hereinafter referred to as the petitioner) was the head of the S.C. Nichols Company, a partnership having three other members, one of whom was the petitioner's father. The partnership operated 16 retail discount department stores outside the New York area, employing approximately 1,100 employees. The business was operated from 258 the New York office whose staff totaled approximately 80 employees. On December 9, 1967, the petitioner held a Bar Mitzvah for his son, who was then 13 years of age. It took place in the temple and after the ceremony a party was held there. The petitioner invited 193 people to the Bar Mitzvah, most of whom were friends and relatives. Others were business *196 guests and were identified as follows: Accountants
Attorneys
Mr. & Mrs. J. Bloom
Mr. & Mrs. G. Borden
Mr. & Mrs. I. Hoch- berg
Mr. & Mrs. W. Sparago
Mr. & Mrs. B. Sparago
Builder
Partners
Mr. & Mrs. R. Small
Mr. & Mrs. M. Rosen-- baum
Mr. & Mrs. I. Rosen- baum
Mr. & Mrs. S. Rosen- baum
Employees
Mr. & Mrs. L. Schwartz
Buyer - electrical
Mr. & Mrs. J. Keller, Sr.
General superintendent
Mr. & Mrs. F. Katz
Superintendent - Newyork area
Mr. & Mrs. M. Jacobs
Manager - Reading,pa.
Mr. & Mrs. W. Sanders
Manager - Hoboken, N.J.
Mr. & Mrs. B. Solomon
Buyer - houseware
Mr. & Mrs. A. Weinberg
Buyer - cameras, gifts
Mr. & Mrs. D. Bailey
Buyer - appliances
Mr. & Mrs. E. Thomson
Store supervisor - appliances
Mr. & Mrs. G. Lenowitz
Office manager
Mr. & Mrs. R. Hawthorne
Buyer - childrens wear
Mr. & Mrs. A. Mittelman
Merchandise manager - soft goods
Mr. & Mrs. H. Shields
Buyer - sportswear
Mr. & Mrs. E. Metzger
Merchandise manager - toys, hardware, etc.
Mr. & Mrs. H. Kay
Buyer - automotive
Mr. & Mrs. L. Goldschmidt
Buyer - domestics, sporting goods
Mr. & Mrs. A. Lobelson
Accounts payable supervisor
Mr. & Mrs. J. Monte
Advertising manager
Mr. & Mrs. W. Marx
Variety stores supervisor
Landlords
Mr. & Mrs. J. Grossman
Stores at Elmira, Utica, Camden, Dover,
Mr. & Mrs. L. Grossman
Corning, Auburn,canandaigua, Martins- burg, Ashtabula
Mr. & Mrs. B. Baker
Mr. & Mrs. D. Handler
Suppliers
Mr. & Mrs. D. Kanfer
A. Cohen & Son
Mr. & Mrs. H. Noble
Lincoln Office Company
Mr. & Mrs. L. Simms
Atlas Movers
Mr. & Mrs. N. Weiner
Toddler Clothes
Mr. & Mrs. M. Somberg
Allied Cloth
Mr. & Mrs. A. Katz
Kason Hardware Co.
*197 On his 1967 Federal income tax return, the petitioner claimed 76/193 or $2,050 of the Bar Mitzvah expense as a deduction, which the respondent disallowed. At trial, the petitioner argued that 38/193 or $653 should be allowed as a business expense. He testified that: (1) He and his partners entered into a "memorandum agreement" prior to 1967 that "such expenses as cab fares and home entertainment and other uses of personal facilities, periodicals, telephones, gifts, luncheons, dinners, and other disbursements will be paid for by the individual partner as his part of a contribution to the success of the partnership" because to do it any other way would interfere with the bookkeeping. (2) Rather than have company Christmas parties and the like to build up employee moral, the company consistently followed the practice of inviting employees to family celebrations and gatherings such as weddings, anniversary parties, and funerals. (3) The company did approximately 42 million dollars worth of business in 1967 and took no deductions for Christmas party expenses, picnics, golf outings, "or anything that would be deductible under the Regulation 1.274-8." Opinion Section 162 provides *198 that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. The requirements that the expense must be both ordinary and necessary must be strictly complied with, Welch v. Helvering, 290 U.S. 111 (1933), and whether contested expenditures are ordinary or necessary is a question of fact. Commissioner v. Heininger, 259 320 U.S. 467 (1943). Proof is required that the purpose of the expenditure was primarily business rather than social or personal, and that the business in which taxpayer is engaged benefited or was intended to be benefited by the expenditure. Louis Boehm, 35 B.T.A. 1106 (1937); James Schulz, 16 T.C. 401 (1951); Vaughn V. Chapman, 48 T.C. 358 (1967). The burden of that proof is on the petitioner. Bennett's Travel Bureau, Inc., 29 T.C. 350 (1957). In the instant case, we believe the petitioner has failed to sustain his burden. Certainly, standing alone a Bar Mitzvah party is personal in nature and has no business connotation whatsoever. There are no facts in the record which would indicate *199 that the party involved in this case was primarily motivated by anything other than a personal reason. We do not doubt that the petitioner and his partners may have followed the practice of inviting their employees to social functions hoping to bolster morale, but this fact would hardly be determinative of deductibility under section 162. There were 193 people at the party, a large majority of whom were relatives and friends. The 19 employees who did attend with their wives were basically supervisory personnel and a small percentage of the 80 employees who worked in the New York office. It would seem the morale of those not attending would be adversely affected rather than fortified in light of these facts. With respect to petitioner's allegations that he and his partners agreed to pay for the entertainment expenses out of their own funds and that the partnership did not deduct any amounts for these types of expenditures, the facts presented are too incomplete to allow any definitive determination regarding these averments. However, even without delving into the propriety of the agreement insofar as it assigns partnership expenses to individuals, it seems clear that the agreement *200 specifically does not affect the deductibility of the expenses claimed. The question involved is not who made the expenditures but why they were made. As to the allegation that deductions of this nature were not claimed by the partnership, without the partnership return and an analysis of its income and expenses, no valid conclusions can be drawn. In any event, it appears the allegation is based on equitable rather than legal considerations and therefore is not of any real significance to the outcome of this case. Finally, regarding petitioner's argument that the regulations under section 274 operate to allow the deduction claimed, we do not agree. The purpose of section 274 is not to enlarge on allowances made for expenses by any other section of the Internal Revenue Code, but rather to disallow expenses which may initially be allowable under some other section of the Code. See H. Rept. No. 1447, 87th Cong., 2d Sess., p. 19 (1962); S. Rept. No. 1881, 87th Cong., 2d Sess., p. 27 (1962). Here, the initial section involved is section 162. Since we do not believe the expenses claimed are allowable under section 162, section 274 has no real application. Indeed, even if it were applicable, *201 we could not agree with petitioner's argument that under section 274 the expenses would be allowed to him. It would not be allowable under the basic provisions of section 274(a), because the petitioner has not established that the item was "directly related" to or associated with the active conduct of his trade or business. Also, it would not be allowable under the exceptions to the basic provisions as set forth in section 1.274-2(f)(2)(i), (ii), (v), Income Tax Regs., as the petitioner argues, because the primary purpose of the Bar Mitzvah was not related to business, the surroundings did not provide "an atmosphere where there are no substantial distractions to discussion", and the expenditures were not part of a business program. Also, they are not allowable since the facts indicate the function was not "primarily for the benefit of his employees generally". Not only does the nature of the party itself indicate this, but the fact that only supervisory employees attended seems to indicate that the "highly compensated employees" were favored. In our view this case falls under the ambit of our holdings in Haverhill Shoe Novelty Co., 15 T.C. 517 (1950); Arthur E. Ryman, Jr., 51 T.C. 799 (1969); *202 James Schulz, supra; and Vaughn V. Chapman, supra. The expenses claimed are personal in nature and therefore are not deductible under section 162 or section 262. [2]
Reviewed and adopted as the report of the Small Tax Case Division. To reflect concessions made by the parties, Decision will be entered under Rule 50. 260 Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and as it applies to the year 1967.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩