WILLARD M. CHRISTINE and DIANNE M. CHRISTINE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Christine v. Commissioner
Docket No. 4121-71.
United States Tax Court
T.C. Memo 1974-249; 1974 Tax Ct. Memo LEXIS 65; 33 T.C.M. (CCH) 1110; T.C.M. (RIA) 74249; September 23, 1974, Filed Willard M. Christine and Dianne M. Christine, pro se. Joseph *66 M. Abele, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in the Federal joint income tax return of the petitioners for the taxable year 1967 in the amount of $254.02. As a result of concessions by the respondent, the only issue relates to the deductions in the amount of $524.85 as business or entertainment. FINDINGS OF FACT Some of the facts have been stipulated by the parties. Such facts and the exhibits attached thereto are incorporated herein by this reference. Petitioners Willard M. Christine and Dianne M. Christine are husband and wife. They filed a joint Federal income tax return for the taxable year 1967 with the Mid-Atlantic Service Center, Philadelphia, Pennsylvania. At the time of filing the petition herein, the petitioners' place of residence was Pittsburgh, Pennsylvania. Petitioner Willard Christine was employed as a sportswriter by the Baltimore News American (hereinafter referred to as the "News American") at Baltimore, Maryland, during the entire year of 1967. In addition to regularly covering bowling, soccer, and football generally, he specifically covered the Baltimore *67 Bays soccer team and the football teams of the Baltimore Colts, the University of Maryland, and the United States Naval Academy. Generally, Mr. Christine was reimbursed by the News American for local and out-of-town travel expenses that were connected with his business. In 1967, the paper reimbursed him $2,501.99 for travel expenses. As a general rule, the News American would neither pay liquor bills nor reimburse an employee for unauthorized or unnecessary expenses. On their return for 1967, the petitioners deducted as business and entertainment expenses the sum of $1,157, [1] including the following: Date
Occasion
Amount 10-14-66
Meals and drinks at the Prime Rib Restaurant in Baltimore for Paul Seymour, coach of the Baltimore Bullets basketball team.
$21.82
10-31-66
Plane fare from Boston to New York City to attend Aquaduct Race Track.
$16.38
11-4-66
Coverage of the National Professional Bowlers Association Championship Bowling Tournament.
$38.70
5-13-67
Partial expense of honeymoon trip to Puerto Rico.
$207.00
5-24-67 6-1-67
Cost of a nursing registration transcript ($2.00) and of an application to take the Maryland nursing examination ($20.00).
$22.00
5-25-67
Dinner at the Cheshire Inn in St. Louis, Missouri, for Charles Winner, then coach of the St. Louis Cardinals football team.
$22.55
10-2-67
Drinks at the Sheraton Hotel in Dallas, Texas, for the public relations man of the Dallas Cowboys football team.
$10.56
5-25-67
Charges at the Roosevelt Hotel in New York City.
$78.60
5-24-67
Meals and drinks for Ken Nigro of the Baltimore Sun newspaper and Carl Sadler, a public relations man for the Baltimore Bays, at the Cattleman Restaurant in New York City.
$23.35
11-20-67
Drinks for Steve Guback of the Washington News and Larry Null of the Baltimore Sun and two officials of the Baltimore Colts football team at the Sheraton Cadillac Hotel in Detroit, Michigan.
$12.00
3-26-67
Drinks for Mike Recht of the Associated Press at the Latin Quarter in New York City.
$22.45
Various
Magazine and membership dues for several professional associations.
$49.44
*68 The petitioners have failed to substantiate these deductions in accordance with section 274. [2]
OPINION Section 162(a) (2) allows a deduction for all the ordinary and necessary traveling expenses, including amounts spent for meals and lodging, while the taxpayer is away from home in the pursuit of a trade or business. Traveling expenses incurred in earning income or in managing or conserving income-producing property are also deductible under section 212. To be deductible under either section 162 or 212, the expense must be ordinary and necessary. It must be *69 reasonable in amount and must bear a reasonable and proximate relation to trade or business of the taxpayer or to the production or collection of taxable income or to the management, conservation, or maintenance of property held for production of income. Section 1.162-2(a) and section 1.212-1(d), Income Tax Regs.
Section 274 requires that for travel and entertainment expenses to be deductible as business expenses, they must not only be ordinary and necessary under section 162 or section 212 [3] but also they must be directly related to or associated with the business or the production of income. [4] In addition, the taxpayers must substantiate by adequate records or by sufficient evidence corroborating his own statement the deductions claimed. *70 The regulations under section 1.274-2(c) (2), Income Tax Regs., provide that "any expenditure for entertainment, if it is otherwise allowable as a deduction under chapter 1 of the Code, shall be considered directly related to the active conduct of the taxpayer's trade or business if it meets the requirements of any one of subparagraphs (3), (4), (5), or (6) of this paragraph." In general, subparagraph (3) provides that for an entertainment expenditure to meet the "directly related" test, the taxpayer must expect to derive income or some other specific business benefit (other than goodwill) at some indefinite future time, he must engage in the active conduct of business during the entertainment with the person being entertained, and the active conduct of the business must be the principal aspect of the combined business and entertainment. The substantiation requirements of travel and entertainment expenses are set forth under section 274(d). Under that section, a taxpayer is required to substantiate section 162 or section 212 expenses and entertainment expenses by adequate records or sufficient evidence corroborating his own statements as to (1) amount, (2) time and place, (3) *71 business purpose, and (4) business relationship of the persons entertained or using the facility. [5] See also section 1.162-17, Income Tax Regs.
With respect to each of the expenses claimed, we must look to the record to ascertain whether the petitioners have met these tests. The fact that respondent may have allowed deductions of similar expenses is immaterial. As to each item, the petitioners must carry forth the burden of proof. 10-14-66
Prime Rib Restaurant
$21.82
A deduction of $21.82 for the entertainment of Paul Seymour, a basketball coach, was claimed by the petitioners. Mr. Christine was not the pro-basketball writer for the News American. Although he claims to have passed on the information he obtained to the pro-basketball writer, he was in essence a mere volunteer. This entertaining was not *72 part of his regular duties. The expense was not ordinary and necessary under section 162. There was no proximate relation between his entertaining Mr. Seymour and his area of coverage. 10-31-66
Plane Fare
$16.38
Mr. Christine claims a deduction for $16.38 for an airplane fare between Boston and New York City.He was in Boston on personal business. While he mentioned to the paper that he would do a horse story when he was in the area, the paper indicated some interest but did not authorize travel expenses. There was no showing by the petitioners that the fare was appropriate or helpful to his business. It was not an ordinary and necessary expense. 11-4-66
Bowling Tournament
$38.70
Mr. Christine contends he is entitled to deduct $38.70 of unreimbursed expenses that he incurred while covering a bowling tournament.He was reimbursed for a part of the total bill by the News American and the Professional Bowlers Association. However, he has failed to present evidence on how much he actually paid out and how much he was reimbursed. Section 274(d) requires adequate substantiation of the amount of the expense. Once that is done, the petitioners *73 have the burden of proving that they were not reimbursed for an expenditure. See William C. Stolk, 40 T.C. 345, 357 (1963), affd. 326 F.2d 760 (C.A. 2, 1964). There was no evidence presented on the total amount of his bill nor on how much of the total bill was reimbursed to him by the Professional Bowlers Association and the News American. Therefore, this deduction must be denied. 5-13-67
Trip to Puerto Rico
$207.00
Petitioners contend that one-half of their hotel and travel expenses on their honeymoon are deductible business expenses. Petitioners were married on May 13, 1967 and stayed overnight at the Logan International Hotel for which a deduction of $16.76 or one-half of the bill is claimed. They claim $121.50 or one-half of the round trip fare to San Juan, Puerto Rico, as a business expense. Petitioners also claim $68.74 or one-half of their hotel bill at the Dorado Beach Hotel, Dorado, Puerto Rico, as a business expense. During this time, Mr. Christine was on vacation not on assignment. The expenses are personal in nature and not deductible under either section 162 or 212. Section 1.162-2, Income Tax Regs., provides with *74 respect to traveling expenses, as follows: (a) * * * Only such traveling expenses as are reasonable and necessary in the conduct of the taxpayer's business and directly attributable to it may be deducted. If the trip is undertaken for other than business purposes, the travel fares and expenses incident to travel are personal expenses and the meals and lodgings are living expenses. * * * (b) (1) If a taxpayer travels to a destination and while at such destination engages in both business and personal activities, traveling expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business. If the trip is primarily personal in nature, the traveling expenses to and from the destination are not deductible even though the taxpayer engages in business activities while at such destination. * * * It is clear from the record that the primary purpose of the expenses was for a honeymoon. Mr. Christine admitted that the entire 2 weeks in Puerto Rico was his honeymoon. While he claims to have checked into Roberto Clemente's background in Puerto Rico, this would be merely incidental and does not convert the honeymoon into a business *75 trip. The fact that a story resulted from an interview with a person named Burgard is immaterial since when he went to Puerto Rico he had no intention of doing such a story. Section 262 provides that "no deduction shall be allowed for personal, living, or family expenses." Therefore, the entire amount will be disallowed. 5-24-67 and 6-1-67
Transcript and Application
$22.00
Petitioners claim that the $22 in expenses was to qualify Mrs. Christine to practice her profession in Maryland. Mrs. Christine had been a nurse in Massachusetts before her marriage. To practice in Maryland, she had to pay $2 to have a copy of her Massachusetts registration sent to the Maryland State Board of Examiners of Nurses. She also had to pay $20 to the Board to enable her to take the nursing examination. This Court has held that similar amounts spent by a lawyer in gaining admission to practice before the bar of Iowa are not ordinary and necessary business expenses. The Court reasoned that the expenditures were not ordinary in that the benefits derived were indefinite and lasted beyond the year in question. The Court concluded that the expenditures were capital in nature *76 and not deductible. Arthur E. Ryman, Jr., 51 T.C. 799 (1969). Here the payments the taxpayers made are not recurring expenses. The benefits derived because of the payments are not limited to the taxable year in which it was paid but will last as long as Mrs. Christine practices in Maryland. Therefore, the payment of the transcript fee and the examination fee is a capital expenditure rather than an ordinary and necessary business expense. 5-25-67
Cheshire Inn
$22.55
Mr. Christine asserts that he is entitled to a deduction of $22.55 for a dinner purchased for Charles Winner at the Cheshire Inn. From the record, it appears that he was reimbursed this amount by the News American and therefore is not entitled to deduct it. 10-2-67
Sheraton Hotel
$10.56
This was claimed by Mr. Christine as a business expense for entertaining a public relations man of the Dallas Cowboys. His purpose was to get "anecdotes" for a story on Don Meredith, who was at that time the quarterback of the Cowboys. Assuming the function and purpose of a public relations man is to foster publicity and to provide this very sort of information, it is difficult *77 to see the necessity for this expense. Mr. Christine has failed to show a sufficient nexus between the expense and his job for it to be considered ordinary and necessary. 5-25-67
Roosevelt Hotel
$78.60
On a supplemental assignment to do an article for the News American Sunday rotogravure section, Mr. Christine went to New York to write an article on the new soccer league. It appears from the record that the News American reimbursed him $56.10 of the hotel bill of $78.60, but it would not allow $22.50 expended for valet services. The hotel bill did not itemize the various charges. Mr. Christine has failed to show that the charges for the valet services were reasonable, and he has failed to show that they were ordinary and necessary. Therefore, since he was reimbursed $56.10 and since he has failed to show that the valet services were a legitimate business expense, no part of the deduction is allowed. 5-24-67
Cattleman Restaurant
$23.35
While in New York, Mr. Christine dined with Ken Nigro, a sportswriter for the Baltimore Sun, and Carl Sadler, a public relations man for the Baltimore Bays soccer team, at the Cattleman Restaurant. *78 Mr. Christine paid the check for food and drinks and claims the amount as a business expense. Mr. Christine stated that he paid the bill because he felt he got more out of the meal than they did. Petitioners have failed to show a proximate relationship between the expense and Mr. Christine's job. 11-20-67
Sheraton Cadillac Hotel
$12.00
While Mr. Christine entertained Upton Bell and Harry Hulmes, two officials of the Baltimore Colts, he also entertained Steve Guback and Larry Null, two sportswriters of rival papers. Of the total bill of $56.11, he claims $44.11 was personal and $12 was for business. From the record, it appears that it was just incidental that the potential of the Colts and the possibility of player trades were discussed. The fact the other two sportswriters were present indicates that the gathering was more personal than business. There has been no showing that this was an ordinary and necessary expense. 3-26-67
Latin Quarter
$22.45
Mr. Christine paid $22.45 for drinks at the Latin Quarter in New York for himself and Mike Recht, a sportswriter for the Associated Press. Other than the fact that they were both covering *79 the New York Knickerbockers, there is no showing of a direct relationship between the entertainment and Mr. Christine's job. Petitioners have failed to demonstrate that it was not a personal expense. Magazines and Professional Associations
$49.44
Petitioners claim that they are entitled to a business deduction of $49.44 for magazines and professional associations. It appears from the notice of deficiency that the respondent allowed a deduction of $50 for miscellaneous business expenses such as sports magazines. In addition, it appears from the record that Mr. Christine was reimbursed for two of the items claimed - $7.50 for dues to the Baltimore Sports Reporters Association and $2 for dues to the Basketball Writers Association. Since the petitioners have not presented evidence showing they are not entitled to any greater amount of deductions for this type of expense than allowed by the respondent or reimbursed by the News American, this deduction is disallowed. Decision will be entered under Rule 155. Footnotes
1. While Mr. Christine conceded in his testimony that the deductions claimed on their return in the amount of $1,157 were overstated in the amount of $47, at trial he claimed deductions for items that are in the total amount of $1,089.49. Respondent has conceded that $564.64 of the amount claimed by petitioners as business deductions are allowable. Respondent has also allowed petitioners a deduction of $50 for miscellaneous business deductions such as sport magazines and professional associations. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise stated. ↩
3. Sec. 1.274-2(b) (2) (ii), Income Tax Regs.↩, provides that "for purposes of this section, any reference to "trade or business' shall include any activity described in section 212." 4. This Court in James Schulz, 16 T.C. 401↩ (1951), held that entertainment expenses are not deductible as business expenses unless there is a showing that they had a primary business purpose rather than a social or personal purpose. The taxpayer's business must be benefited or intended to be benefited. 5. Pursuant to sec. 1.274-5(c), Income Tax Regs.↩, expenditures of up to $25, except for lodging and where receipts are readily available, for transportation, may be allowed without special receipt or supporting data. They will, of course, have to be proved - tied in with business and evidenced by acceptable means - but receipts will not be needed.