JAMES W. EVANS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Evans v. Commissioner
Docket No. 5739-77.
United States Tax Court
T.C. Memo 1980-103; 1980 Tax Ct. Memo LEXIS 488; 40 T.C.M. (CCH) 65; T.C.M. (RIA) 80103; March 31, 1980, Filed *488 Held: The money earned by petitoner and applied by his employer toward the purchase of his tractor in order to enable him to retain his position with his employer is includable in taxable income. The cost of the tractor is a nondeductible capital expenditure. James W. Evans, pro se. Avery Cousins III, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $2,082 in petitoner's Federal income tax for the taxable year 1973. The only issue presented for our consideration is whether petitoner constructively received additional unreported income from the operation of his tractor-trailer in the amount of $9,867.69. FINDINGS OF FACT Most of the facts have been stipulated. The stipulation of facts and the exhibits attached *489 thereto are incorporated herein by this reference. Petitioner, James W. Evans, resided in Tampa, Florida, at the time he filed his petition herein. He filed his 1973 income tax return with the Internal Revenue Service Center at Chamblee, Georgia. Petitioner was employed by Commercial Carrier Corporation (hereafter Commercial) as a tractor-trailer driver. In 1971, apparently as a conditon of his continued employment with Commercial, he entered into an arrangement to purchase his tractor from Commercial. The agreement provided that a portion of the gross receipts petitioner earned from operating the tractor was to be paid to him as salary by Commercial. The remainder was then applied to pay certain lease costs charged by Commercial, operating expenses of the tractor, the purchase price of petitioner's tractor, and to an escrow fund for a performance bond. If any receipts remained, they were to be distributed to petitioner. Commercial maintained all records with respect to the agreement. During 1973, the petitioner generated gross revenue of $60,175.61. Of this amount, $9,839.84 was paid to petitoner in the form of salary (as reflected on the W-2 form issued by Commercial) *490 and $26,262.72 represented lease costs charged by Commercial. The remaining $24,073.05 was considered by Commercial as petitioner's gross receipts. An employee of Commercial prepared a Schedule C (attached to the petitioner's income tax return for 1973), reflecting the application of the gross receipts of $24,073.05 as follows: Purchase Price of Tractor
$ 8,736.43
Repayment of Cash Advances Commercial
made to the petitoner during the
Months of October, November and
December, 1973
3,157.84
Escrow Account as Performance Bond
(this amount was later applied to
purchase price of tractor)
2,500.00
Vacation Pay to petitioner
563.09
Other Amounts Distributed to petitioner
460.33
Operating Expenses
8,655.36
Total Gross Receipts
$24,073.05
On his tax return for 1973, petitoner reported only the $9,840 reflected on the W-2 form he received from Commercial; he did not report the self-employment income as reflected on Schedule C of his return. Petitioner took a deduction for depreciation on the tractor of $5,550 (based on a cost of $27,750 over a 5-year useful life). Respondent determined that petitoner underreported income by $9,867.69. [1]
*491 OPINION Respondent contends that the $9,867.69 which was applied by Commercial to petitoner's account for payment on the tractor is an amount either constructively or actually received by petitioner and must be included in his income. Petitioner maintains that the cost of purchasing the tractor is an operating expense and, therefore, not includable in his income. It is not clear whether petitioner also contends that actual receipt of the amount in issue is a rerequisite to inclusion in his income. We believe that the fact that payments were not actually received by petitioner is irrelevant. In the situation we have before us, instead of Commercial making actual payment to petitoner of the gross receipts he earned followed by petitioner's repayment to Commercial in order to satisfy his debt to Commercial incurred upon his purchase of the tractor, the parties used the accounting device of crediting the receipts against the debt without any cash changing hands. But in either instance, the taxpayer receives income. [2] See Old Colony Trust Co. v. Commissioner,279 U.S. 716, 729 (1929); Newmark v. Commissioner,311 F.2d 913 (2d Cir. 1962). *492 We turn now to the question of whether the amount paid during 1973 as part of the purchase price of the tractor is deductible, in full, in 1973. The cost of the tractor, an asset having a useful life in excess of 1 year, would typically be capitalized and depreciated over its useful life. Ryman v. Commissioner,51 T.C. 799, 802 (1969). Petitoner did, in fact, depreciate the cost of the tractor. Petitioner apparently contends, however, that because the tractor was purchased in order to enable him to retain his job with Commercial, its cost is a currently deductible operating expense. We find this argument without merit. In the absence of a statutory provision permitting a capital expenditure to be currently deducted, section 263[3] quite clearly states that capital expenditures are nondeductible. There is no exception for purchases such as that here which are necessary to enable one to retain his employment. The *493 tractor has a useful life of five years, and the purchase price must, therefore, be capitalized and depreciated over that period. Decision will be entered for the respondent.
Footnotes
1. Remaining gross receipts of $24,073.05 less operating costs of $8,655.36 and depreciation of $5,550.↩
2. Since we have found that actual payment is irrelevant upon this ground, we do not consider any other possible Theories which would require inclusion.↩
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩