FLORENCE E. CALLANDER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 659–79.     Filed December 4, 1980.

Florence E. Callander, pro se.
*Alan C. Parsons,* for the respondent.

HALL, *Judge:* Respondent determined a $143.98 deficiency in petitioner's 1976 income tax. The issues presented are:

(1) Is petitioner entitled to deduct as a business expense certain education expenses?

(2) Is petitioner entitled to deduct the cost of maintaining a checking account as a tax-records expense?

### FINDINGS OF FACT

Some of the facts have been stipulated by the parties and are found accordingly.

Petitioner was a resident of California at the time she filed her petition.

During 1976, petitioner was employed as a clerk III in the

---

Mendocino County probation office. As such, she was required to perform moderately difficult and varied clerical work including maintaining records, typing, answering telephones, and supervising a small number of lower level clerks. The minimum requirements for petitioner's position included a working knowledge of the English language and modern office practices and procedures, the ability to type 45 words per minute, and a high school diploma.

Petitioner occasionally worked with probation officers on their probation cases on other than a clerical basis. This work was voluntary and sporadic. She did this because she had an interest in becoming a probation officer.

During 1976, petitioner attended California State College, Sonoma. She took the following courses:

| Department | Course |
| --- | --- |
| Psychology | Abnormal Psychology |
| Psychology | Social Psychology |
| Sociology | Social Foundations of Crime and Delinquency |
| Sociology | Seminar on Law and Society |
| Anthropology | Special Studies |
| Political Science | Government Intern Seminar |

Petitioner's courses were part of a program which would lead to a B.A. degree in criminal justice administration. Petitioner completed her undergraduate education and received her degree in the summer of 1978.

Petitioner is presently employed as a secretary II in the district attorney's office.

The minimum educational requirement for the position of probation officer in Mendocino County is a B.A. degree. The probation officer's primary responsibility includes social work in the investigation, care, and rehabilitation of adults and delinquent and dependent juveniles. The work involves responsibility for investigating assigned cases of adult probation, juvenile delinquency, dependency, stepparent adoption, contested custody, and retarded commitments; attending hearings; and supervising adult and juvenile cases.

During 1976, petitioner maintained a checking account for a number of purposes, one of which was to maintain records for tax accounting purposes. Her principal purposes for maintaining

the checking account were personal. During 1976, she paid $36 in banking charges to maintain this checking account.

## OPINION

The first issue is whether petitioner is entitled to deduct her education expenses in 1976. She is entitled to deduct them if the courses taken improved or maintained skills required in her employment and did not qualify her for other employment. Sec. 1.162–5(a)(1), Income Tax Regs. Petitioner contends that her education in criminal justice administration improved her skills used in her employment as a clerk III in the Mendocino County probation office. Petitioner's duties as a clerk III were clerical in nature. Petitioner's improved skills were not those of her then employment, but, instead, were related to her prospective employment as a probation officer. Petitioner testified that she worked with probation officers on probation cases on other than a clerical basis. This was not required by her job and was undertaken voluntarily by petitioner apparently because of her educational interests in the probation field. Nothing in the record indicates that petitioner's performance of the additional duties was more than sporadic. We conclude that the courses taken by petitioner in 1976 did not improve or maintain her skills as a clerk III.

Moreover, the courses petitioner took in 1976 were part of a program of study which would qualify her for a new trade or business, that of being a probation officer. On that ground alone, her education expenses in 1976 are not deductible. Sec. 1.162–5(b)(3), Income Tax Regs. The fact that petitioner ultimately did not pursue a career as a probation officer is immaterial.

The second issue is whether petitioner is entitled to deduct the cost of maintaining a checking account in 1976. Petitioner admitted at trial that the checking account was not specifically established for the purpose of maintaining tax records. Petitioner stated that she used the checking account for a number of checkwriting purposes, only one of which was the maintenance of tax records. However, she claims that she is entitled to deduct the entire cost of maintaining the account under section 212(3),[1]

---

[1]Sec. 6001, I.R.C. 1954, requires individuals to maintain those records necessary to make returns and compute the tax.

I.R.C. 1954. Remarkably, this issue appears never to have been decided. Petitioner's principal purpose for keeping the checking account appears to have been to provide an easy method for paying bills. The checking account, incidentally, also served as a record of her financial transactions. Clearly, petitioner is not entitled to deduct the entire cost of maintaining her checking account. The various uses and functions of a single[2] checking account are so intertwined that to determine what portion of the bank charges are attributable to tax recordkeeping would create an administrative impracticality. The Tax Court should not lend itself to such an improbable exercise. In view of the fact that the principal purpose for maintaining the checking account was personal, petitioner is not entitled to deduct the cost of maintaining a checking account in 1976. Cf. *Ryman v. Commissioner*, 51 T.C. 799, 804–805 (1969).

*Decision will be entered for the respondent.*

---

[2]We leave open the question of whether she might deduct the bank charges attributable to one of several checking accounts which was maintained solely to provide tax records.