RANDY B. OLSEN AND DEBORAH R. OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Olsen v. Commissioner
Docket No. 10285-79
United States Tax Court
T.C. Memo 1981-616; 1981 Tax Ct. Memo LEXIS 127; 42 T.C.M. (CCH) 1512; T.C.M. (RIA) 81616; October 22, 1981. Randy B. Olsen, pro se. William S. Miller, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $ 271.44 deficiency in petitioners' 1976 income tax. The sole issue for decision is whether petitioners are entitled to deduct certain education expenses under section *128 162(a). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Randy B. ("petitioner") and Deborah R. [2] Olsen, husband and wife, resided in Rialto, Caifornia, when they filed their petition. Petitioner enrolled in college in 1970 and graduated in 1977. He spent the 1970-1971 academic year at the University of Nevada at Reno. Petitioner did not attend college again until January 1974. From January 1974 through June 1975 petitioner attended San Bernadino Valley College. Petitioner declared accounting as his college major in the fall of 1974. In July 1974, Kaiser Manufacturing Division of Kaiser Steel Corporation ("Kaiser") hired petitioner under its Management Intern Program. The intern program is designed to provide college students with part-time employment. Its specific purposes are: 1. To enable the student to gain practical experience related to his or her college studies, thereby enhancing the Intern's *129 education. 2. To add technical and management manpower as a supplement to regular forces. 3. To assist the student financially. 4. To interest the student in being a full-time employee of Kaiser Steel upon graduation. One of the prerequisites for participation in Kaiser's intern program is that the intern be a degree candidate majoring in one of the fields specifically needed by Kaiser. Petitioner worked as an intern for Kaiser from July 1974 through November 1976, at which time Kaiser terminated its intern program. [3] In November 1976, Kaiser hired petitioner as a full-time employee. [4]
Petitioner attended California State Polytechnic University in Pomona, California, for the fall term of 1975. Petitioner *130 attended California State College, San Bernadino, California, from the winter term of 1976 until he graduated in 1977. Petitioner received a degree in Business Administration with an emphasis in Accounting from California State College at San Bernandino. Petitioner's college degree together with the courses he took in college qualify him to take the Certified Public Accountants ("C.P.A.") examination in California. Petitioner has never taken that examination. Even if petitioner took and passed the C.P.A. examination, his licensure would be contingent on meeting certain experience requirements. Cal. Bus. & Prof. Code § 5083 (West 1974). During 1976 petitioner incurred tuition costs and travel expenses of $ 1,643.03, all of which he deducted on his return. In his notice of deficiency, respondent disallowed $ 1,549.43 [5] of this amount based on petitioner's failure to establish "that these expenses were incurred primarily to maintain or improve skills required in your [petitioner's] present employment, trade, or business or to meet the express requirements of your [petitioner's] employer." In his "Answer to Petition, as Amended," respondent *131 basically conceded the bases for his determination as explained in the notice of deficiency, and for the first time based his disallowance on the assertion that these expenses for education were incurred as part of a program of study which will qualify him for a new trade or business. At trial respondent conceded that he bears the burden of proof on the issue in this case. OPINION The sole issue for decision is whether petitioner is entitled to deduct $ 1,549.43 of education expenses incurred during 1976. Petitioner contends that while a student in 1976 he was not in pursuit of qualification as a certified public accountant, and, even if he was, that there are additional prerequisites to becoming a certified public accountant which he has not met. Respondent, on the other hand, maintains that petitioner's 1976 expense deduction should be disallowed because it formed part of a program of study which will lead to qualifying petitioner in a new trade or business, namely, that of being a certified public accountant. [6] We agree with respondent. *132 Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 1.162-5, Income Tax Regs., provides objective criteria for determining when expenditures for education are deductible. Garwood v. Commissioner, 62 T.C. 699, 701-702 (1974); Taubman v. Commissioner, 60 T.C. 814, 817 (1973); Bodley v. Commissioner, 56 T.C. 1357, 1360 (1971). These regulations provide generally that expenditures for education which maintain or improve skills required by the taxpayer in his employment or which meet the express requirement of his employer are deductible. Sec. 1.162-5(a), Income Tax Regs. If, however, the expenditures are for education which is "part of a program of study being pursued by him which will lead to qualifying him in a new trade or business," such expenditures are not deductible under section 162, even if the education maintains or improves the taxpayer's employment skills or meets the express requirements of his employer. Sec. 1.162-5(b)(3), Income Tax Regs.; see sec. 1.162-5(b)(3)(ii) exs. (1) and (2). If the education qualifies *133 the taxpayer for a new trade or business, the fact that he does not pursue a career in that trade or business is immaterial. Callander v. Commissioner, 75 T.C. 334, 336 (1980). If an education expense leads towards qualifying the taxpayer for a new trade or business, it is not necessary that every prerequisite for qualification in that new trade or business be met. Diaz v. Commissioner, 70 T.C. 1067, 1076 (1978), affd. 607 F. 2d 955 (2d Cir. 1979). [7] Finally, in factual settings analogous to that presented here, we have held that the cost of education which qualifies a person to sit for a C.P.A. examination is not deductible. Browne v. Commissioner, 73 T.C. 723, 726-728 (1980); Cooper v. Commissioner, T.C. Memo. 1979-241 (1979). In the present case, petitioner's education certainly formed part of the program leading to qualification as a certified public accountant. A certified public accountant must, inter alia, pass the C.P.A. examination. Cal. Bus. & Prof. Code § 5082 (West *134 1974). Under California law, an applicant could not take the C.P.A. examination in 1976 unless he met one of the educational requirements found in Cal. Bus. & Prof. Code § 5801.1 (West 1974). Based on his college education, petitioner met one of these requirements and thus qualified to take the examination. The fact that petitioner never intended to take the exam or to practice public accounting is irrelevant. See O'Donnell v. Commissioner, 62 T.C. 781, 783 (1974), affd. 519 F. 2d 1406 (7th Cir. 1975). The regulations provide an objective standard within which petitioner's situation squarely falls. See Browne v. Commissioner, supra; Cooper v. Commissioner, supra.
In conclusion, we find that respondent has carried his burden of proving that petitioner's education expenditures formed part of a new program of study which leads towards qualifying petitioner for a new trade or business. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Deborah R. Olsen is a party solely by virtue of the fact that she filed a joint return with her husband.↩
3. During this period petitioner was first employed as a cost planning analyst. Later and during that portion of 1976 that petitioner was an intern, he was employed as an accounts payable assistant supervisor. ↩
4. From November 1976 through May 1977 petitioner worked as a construction accounting coordinator. In May 1977 petitioner became a Junior Cost Planning Analyst. There are no specific educational requirements for a Junior Cost Planning Analyst.↩
5. Respondent allowed $ 93.60 as a deduction because that amount reflected work-related travel expenses.↩
6. In California, until a person is licensed by the State Board of Accountancy, he may not hold himself out as an accountant, and he may not engage in the practice of public accounting as defined by Cal. Bus. & Prof. Code § 5051 (West 1974). People v. Hill, 66 Cal. App. 3d 320↩ (1977).
7. See also Rehe v. Commissioner, T.C. Memo. 1980-316↩ (1980).